Michael D. MUIR, Plaintiff
and Appellant,

v.

S. Tony COX, Director, Driver's License
Division, Department of Public Safety,
State of Utah, Defendant and Respondent.

No. 16511.

Supreme Court of Utah.

April 24, 1980.

Ronald J. Yengich, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HALL, Justice:

Plaintiff appeals from a de novo review of a decision of the Utah State Driver's License Division (hereinafter "Division") wherein the district court denied plaintiff's petition to reinstate his driver's license. In so ruling, the court held that plaintiff had refused to submit to a breathalyzer examination pursuant to Utah's Implied Consent Law.[1]

On November 22, 1978, at approximately 1:00 a.m. plaintiff was involved in a traffic accident in Salt Lake City, Utah. One of the investigating officers, patrolman Hunt, suspected that plaintiff had been drinking and requested that he submit to a field sobriety test. Plaintiff refused to submit to the test, claiming that an attorney had once advised him never to submit to a police search without first consulting with an attorney. Plaintiff was thereupon arrested on suspicion of driving under the influence of alcohol,[2] and given the "*Miranda* warning."[3]

Subsequent to the arrest, the officer requested that plaintiff take a breathalyzer test, and indicated that if he refused to take the test he stood in danger of losing his driver's license for a period of one year.[4] Various responses given by plaintiff were that he would not submit to the test "unless

1. U.C.A., 1953, 41–6–44.10.

2. U.C.A., 1953, 41–6–44.

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), held that if statements made by an arrested person are to be admitted in a criminal proceeding against him, he must be advised of certain rights. Before being interrogated the arrested person must be informed that he has the right to remain silent; that any statements made may be used against him; that he has the right to have an attorney present during interrogation; and that an attorney will be appointed for him if he desires and is unable to pay an attorney's fee.

4. Supra, footnote 1.

you can give it to me right here and now," [5] and that he wanted to talk to a friend on the police force. When plaintiff requested that his attorney be present, the officer advised plaintiff that, "the *Miranda* warning applies only to the criminal charge but not to the Implied Consent Law which is civil in nature and a separate matter."

Plaintiff nevertheless persisted in his refusal to take the test. The Division found that plaintiff had knowingly refused to submit to the breathalyzer test and ordered his license suspended. Plaintiff thereupon petitioned the district court to reinstate his license. At trial, three witnesses were called: patrolman Hunt, plaintiff, and one John O'Connell.[6] Following the trial, the district court denied plaintiff's petition. The court found that the officer had grounds to make the arrest, that the request for submission to a chemical test was properly made, and that it was knowingly refused.

Plaintiff's sole point on appeal is that his refusal to submit to the test was invalid due to the inherent inconsistencies relating to attorney presence when the implied consent warning and the *Miranda* warning are contemporaneously given.

The trial judge entered his order denying the petition on May 29, 1979. Subsequently, on July 26, 1979, we decided *Holman v. Cox*,[7] a case very similar to the instant appeal. In *Holman*, the plaintiff contended that, having been read his *Miranda* rights and at nearly the same time having been asked to take a chemical test without advice of counsel, he was confused as to his legal rights which amounted to reasonable grounds for refusing the test. We held that the *Miranda* warning and the Implied Consent Law are not inconsistent, but cautioned that each proposition must be stated fully, clearly and understandably so that the driver understands that his affirmative duty to take a chemical test is not obviated by the *Miranda* warning. We also held that the question of whether the motorist was confused and whether he manifested his confusion to the arresting officer is for the trier of fact to determine.

In *Holman*, because no such findings were made by the trial court, the case was remanded for a determination of those issues. Likewise, in the instant case there have been no findings made as to plaintiff's confusion of his right to have an attorney present. The judgment of revocation is vacated and the case is remanded for additional findings consistent with our decision in *Holman*.

MAUGHAN and WILKINS, JJ., concur.

STEWART, Justice (concurring):

I concur with the main opinion, but in view of the comments made in the dissenting opinion, which in my view rest upon a misunderstanding of this Court's decision in *Holman v. Cox*, Utah, 598 P.2d 1331 (1979), and the possibility that that misunderstanding will create confusion and add to the number of appeals in driver's license revocation proceedings, I think it appropriate to clarify one point.

The dissenting opinion is of the view that *Holman v. Cox, supra,* adopted a subjective test with respect to an arrested driver's understanding of his legal obligations under the Implied Consent Statute. In *Holman* this Court squarely held that a refusal to take a blood test was to be based on an objective standard, and not on what the driver states that he actually intended. As stated in *Holman* :

> Obviously the arresting officer cannot know the subjective state of mind of the person arrested and whether he in fact intended his response to a request to take a blood test to be the equivalent of a refusal that would result in license revocation. The test must be objective; oth-

---

5. The officer explained that the means to give the breath tests were not available at the accident site.

6. O'Connell is an attorney who testified that he had discussed with plaintiff what a person should do when asked to consent to a police search.

7. Utah, 598 P.2d 1331 (1979).

erwise the whole statutory scheme could be subverted by one who equivocates or remains silent, and later protests that it was his unexpressed intent to take the tests. However, the behavior of the driver must clearly indicate, *judged objectively,* that the driver intended to refuse to take the test. [598 P.2d at 1333.] [Emphasis added.]

The Court took pains in *Holman* to make clear that an arresting officer must explain the duty of an arrestee to take a blood test upon request, notwithstanding a *Miranda* warning. Contrary to the understanding of the dissent in this case, we did not hold that a driver must subjectively understand the Implied Consent Statute and the *Miranda* warning. When there is apparent confusion arising from a failure of an arrestee to understand the demand for a blood test and the rights accorded under a *Miranda* warning, the officer must give a clear explanation of the duties and rights of the arrestee. An officer properly discharges his duty if he gives an explanation that a person of reasonable intelligence, who is in command of his senses, would understand.

Obviously the more inebriated a driver, the more unable he is likely to be in understanding the instructions given by an officer. We certainly do not intend to give the most culpable drivers a ready-made excuse to avoid the sanctions of the Implied Consent Statute. Notwithstanding the degree of sobriety of the arrested driver, an officer must state fully and accurately the driver's legal duty under the Implied Consent Statute and the consequence of refusing to take a blood test, and, if the officer contemplates the filing of a criminal action, he should also explain the driver's rights under *Miranda* if any of the driver's statements are to be admissible in evidence.

The dissenting opinion misconstrues *Holman* in stating that an "arresting officer and any arrestee for drunk driving must arrive at a clear understanding that the arrestee (who likely is drunk) was not confused." That was clearly not the holding in *Holman*. *Holman* held that it is necessary that a trial court make findings, based on an objective test, that the rights and duties of an arrestee were clearly explained by the arresting officer. We did not there, and do not here, hold that the district court must make findings that the arrestee in fact understood his rights and duties. It is only necessary, as stated in *Holman*, 598 P.2d at 1335, that "additional findings [be made] with respect to the issue of the clarity with which the appellant was instructed as to his obligations and rights."

CROCKETT, Chief Justice (dissenting):

I am unable to agree with the remand of this case. It seems to be based upon what I regard as an unjustified conjecture that the plaintiff Michael D. Muir may have been confused as to his rights when he refused to take the chemical test requested. The main opinion itself correctly states that the question as to whether he was confused and so manifested his confusion to the arresting officer was for the trial court to determine.

It is submitted that any confusion that the plaintiff claims is of his own invention. Moreover, with due deference to the contrary views of my colleagues, it is my considered judgment that the basis for any such confusion (or claim of confusion) and any need for further hearing can only be justified on the view taken by the majority in the recent case of *Holman v. Cox.*[1]

In order to spare burdening the printed page with repetition, I refer to and reaffirm my views as set forth in that case as equally applicable to this one in all particulars. My conviction of mind compels me to observe that the results in such cases derive from what I regard as a wholly impractical and unrealistic assumption that any arresting officer and any arrestee for drunk driving must arrive at a clear understanding

1. Utah, 598 P.2d 1331 (1979), which, notwithstanding my dissent therein, in accordance with my judicial duty, I recognize is presently the law of this state.

that the arrestee (who likely is drunk) was not confused. It is further my opinion that allowing such defensive machinations to be indulged in by arrestees in these drunk driving cases presents a substantial obstacle to policing drunk driving on our highways and thus adds to the constantly increasing hazards to public safety.[2]

The significant aspect of this case is the candid and correct acknowledgement in the majority opinion (Paragraph 4 thereof) that:

> *The court found* that the officer had grounds to make the arrest, *that the request for* submission to *a chemical test* was properly made, and that it *was knowingly refused.* [Emphasis added.]

There is competent and credible evidence to support that finding. The arresting officer, Ross Hunt, testified that he explained to plaintiff Muir the difference between the criminal charge, to which the *Miranda* warning and the rights stated therein applies, as compared to the implied consent law which is civil in nature, with respect to which he did not have the right to remain silent nor to have his lawyer in attendance.

If the prerogative of the trial judge is respected, as it should be, including that he is not obliged to believe the self-serving assertions of the plaintiff, there is ample basis to support his finding that the plaintiff knowingly refused to take the test. Wherefore, this Court should affirm the findings and judgment.

---

2. Id.; and see e.g. *Gassman v. Dorius*, Utah, 543 P.2d 197 (1975); *Peterson v. Dorius*, Utah, 547 P.2d 693 (1976); *Hyde v. Dorius*, Utah, 549 P.2d 451 (1976).