Lawrence M. MATHIE, Plaintiff and Appellant,

v.

Fred C. SCHWENDIMAN, Driver's License Division of the State of Utah, and David Wilkinson, Attorney General, Defendants and Respondents.

No. 17959.

Supreme Court of Utah.

Nov. 15, 1982.

Robert Van Sciver, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Bruce M. Hale, Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiff appeals from a judgment denying his petition to overturn the decision of the Utah Driver's License Division revoking his driver's license pursuant to U.C.A., 1953, § 41–6–44.10. The district court found that plaintiff refused to submit to a chemical test, as required by that section.

On November 5, 1980, a Salt Lake County Deputy Sheriff stopped plaintiff, who was speeding and operating his vehicle in an erratic manner. The deputy testified that he smelled alcohol on plaintiff and that plaintiff appeared unsteady and was argumentative. Plaintiff refused to take any field sobriety tests. Instead, plaintiff placed a large amount of chewing gum in his mouth. The deputy placed plaintiff under arrest, and asked him to remove the gum. The officer explained that defendant's mouth would have to be clear for a period of fifteen minutes before a breath test was administered, or the test would not

be valid. The officer explained to plaintiff the consequences of a refusal to take the test under the implied consent law, § 41–6–44.10, and read a form to plaintiff verbatim. Plaintiff stated that he would take the test, but would not spit out his gum. The officer told plaintiff that he would consider a refusal to spit out the gum a refusal to take the chemical test, for which his driver's license could be revoked. Plaintiff was asked several times to take the test, and to take the gum out of his mouth. He replied each time that he would take the test, but that he could not be required to take the chewing gum out of his mouth. The district court found that plaintiff had knowingly and voluntarily refused to submit to the test.

It is plaintiff's contention that he cannot be deemed to have refused to take the breathalyzer test merely because he refused to take the chewing gum out of his mouth. He also challenges the sufficiency of the evidence to support the district court's findings on the ground that no evidence was produced at trial that the chewing gum would have affected the test.

In *Beck v. Cox,* Utah, 597 P.2d 1335 (1979), this Court declared that a refusal to take a chemical test may be established on the basis of the conduct of the motorist, if he has been asked to take the test. Quoting *Spradling v. Deimeke,* Mo., 528 S.W.2d 759 (1975), this Court said: "The volitional failure to do what is necessary in order that the test can be performed is a refusal."

In *Powell v. Cox,* Utah, 608 P.2d 239 (1980), we held that an officer has considerable discretion in obtaining a satisfactory sample for the chemical test, and may require an arrested person to furnish what the officer believes to be a viable sample. In that case, the defendant produced a sample of air which triggered a green light on the breathalyzer machine, normally indicating a viable sample. The officer believed that the sample would not produce a valid test, however, and asked defendant to produce a deeper lung sample. Defendant refused, and this Court upheld the finding that he had refused the test.

Here the officer's request that plaintiff remove his chewing gum was a reasonable request. The officer explained that the test would not be valid unless the mouth was clear for a fifteen-minute period prior to the test. Plaintiff was also warned that his refusal to remove the gum would be considered a refusal to take the test. Plaintiff therefore failed to do that which was necessary for a valid test. The evidence supports the district court's finding that plaintiff knowingly and voluntarily refused to submit to the test, under *Beck* and *Powell, supra.* The judgment of the district court is affirmed.