Luann LEE, Plaintiff and Appellant,

v.

Fred C. SCHWENDIMAN, Chief, Driver License Services, Department of Public Safety, State of Utah, Defendant and Respondent.

No. 21010.

Supreme Court of Utah.

July 1, 1986.

G. Fred Metos, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff appeals the district court's revocation of her driving privileges pursuant to U.C.A., 1953, § 41–6–44.10, as amended (Supp.1986).

Plaintiff was arrested on July 27, 1985, for drunk driving and driving the wrong way on a one-way street. When signalled by the officer to stop, she drove to a hotel parking lot before stopping. The officer detected a strong alcohol odor about plaintiff when he approached her car. He observed that her speech was slurred and her balance was unsteady. Asked if she had been drinking, plaintiff answered that she had had "a couple." She then refused the officer's request to take a field sobriety test. When arrested, she told him that she knew she was being arrested for driving while intoxicated.

After she was placed under arrest, plaintiff became upset and began crying. The officer requested her to submit to a breath test, advising her of the consequences of her refusal or failure to take the test. A further request and warning were made by the officer. She continued to cry throughout the requests and warnings regarding the breath test. He again warned her that unless she answered and agreed to the test, he would consider that she had refused and her license could be revoked. Her only response was her crying and stating, "You're going to ruin my job" and

"Please help me." After waiting over ten minutes without receiving further response from plaintiff other than her crying, the officer concluded that plaintiff refused to take the test and made no further inquiry. The test was never given.

Plaintiff claims that she was not clearly informed of the consequences under section 41–6–44.10 for failing to submit to the blood alcohol content test and that her crying was uncontrollable and was not a voluntary refusal to submit to the test. The only witness before the trial court was the officer, who testified in detail as to the request made and the warnings given. There was no contradictory evidence. That testimony is sufficient to support the finding by the trier of fact that plaintiff was properly requested to take the test, was clearly informed of the consequences of her failure to submit to the testing procedure, and by an objective standard, appeared to understand the warning. *Beck v. Cox*, 597 P.2d 1335 (Utah 1979); *cf. Holman v. Cox*, 598 P.2d 1331, 1334 (Utah 1979). "An officer properly discharges his duty if he gives an explanation that a person of reasonable intelligence, who is in command of his senses, would understand." *Muir v. Cox*, 611 P.2d 384, 386 (Utah 1980) (Stewart, J., concurring).

As we have previously noted, a refusal to submit to testing need not be expressed, but may be implied from the driver's conduct, words, and behavior. *Beck v. Cox*, 597 P.2d at 1338. *Accord Holman v. Cox, supra; Mathie v. Schwendiman*, 656 P.2d 463 (Utah 1982). We have held that a driver must affirmatively agree to submit to a test immediately following clear warning of the consequences of refusal. Otherwise, refusal is presumed. *Conrad v. Schwendiman*, 680 P.2d 736, 738 (Utah 1984). The determination that plaintiff's failure to respond to the officer or to take the test amounts to a refusal is a factual finding which we will not disturb when supported by substantial evidence.

Plaintiff presented no evidence to show that her emotional condition rendered her incapable of understanding the officer or refusing the test. There is no evidence that she did not hear or understand the warnings given her. We reject her argument that the officer's testimony alone compels such a conclusion. The evidence supports a finding that her failure to request or participate in a chemical breath test was volitional and constituted a refusal.

Plaintiff argues that her case is controlled by *Hyde v. Dorius*, 549 P.2d 451 (Utah 1976). However, we have previously rejected any suggestion that *Hyde* requires an express refusal by the driver to take a breath test. *Beck v. Cox*, 597 P.2d at 1338. Moreover, unlike *Hyde*, the evidence in the instant matter is sufficient to support the conclusion that plaintiff was clearly informed and understood the request and consequences. Unlike the driver in *Hyde*, plaintiff was stopped after driving the wrong way on a public street, smelled of alcohol, and admitted she had been drinking. She understood she was being arrested for drunk driving. When requested to take the test, she complained that the officer was "ruining" her job, suggesting that she was not confused but understood the consequences of her condition. Plaintiff was not dazed or injured and did not appear otherwise incoherent. After being advised that she had refused the test and that her license could be revoked, she made no affirmative request to take the test.

Considering these facts, we find no abuse of the trial court's discretion in cutting off plaintiff's driving privileges pursuant to section 41–6–44.10.

The revocation is affirmed.