**Ronald K. COWAN, Plaintiff and Appellant,**

v.

**Fred C. SCHWENDIMAN, Chief, Driver License Services, Department of Public Safety, State of Utah, Defendant and Respondent.**

**No. 880641–CA.**

Court of Appeals of Utah.

Feb. 23, 1989.

Robert M. McRae, Vernal, for plaintiff and appellant.

R. Paul Van Dam, and State Atty. Gen., Bruce M. Hale, Salt Lake City, for defendant and respondent.

Before BENCH, DAVIDSON and JACKSON, JJ. (On Law and Motion).

## MEMORANDUM DECISION

### PER CURIAM:

Appellant Ronald K. Cowan appeals the judgment of the district court which upheld revocation of his driver's license under Utah Code Ann. § 41–6–44.10 (1988) for refusal to take a blood-alcohol test. On appeal, appellant argues that because he allegedly "cooperated" in at least three breath test attempts, he substantially complied with the requirement by giving a sufficient breath sample for testing before refusing on a last test attempt. He also argues that due process under the fourteenth amendment of the United States Constitution does not permit a police officer "unfettered discretion" to repeat tests until a suspect refuses.

In view of these arguments on appeal, we scheduled this appeal for sua sponte summary disposition under R. Utah Ct. App. 10(e). We have reviewed the entire record on appeal and considered the memoranda of both parties with the authorities cited therein. We conclude that summary affirmance is appropriate in this case.

On the night of his arrest, appellant was taken to the police station for a blood-alcohol test. The arresting officer requested appellant to discard his chewing tobacco, which he did. Department of Public Safety testing procedures require an intervening fifteen minutes between the discard of the chewing tobacco and the test. *See State v. Baker*, 56 Wash.2d 846, 355 P.2d 806 (1960). Not aware that appellant had just spit out his tobacco, the testing officer immediately tested a breath sample given by appellant. When the test yielded its results, the officers observed their error and recommenced the testing procedures after waiting the requisite fifteen minutes.

Appellant verbally agreed to submit to further testing but conditioned his agreement on having his attorney present. When asked to breathe into the testing machine on each occasion, appellant obstructed the process by sticking his tongue over and chewing on the mouthpiece and blowing out the sides of his mouth. This conduct prevented the officers from obtaining an adequate, viable breath sample for testing. After at least three attempts to secure appellant's cooperation, with several warnings of the consequences of his obstreperous conduct, the officers concluded that appellant had refused the breath test. There is no evidence in the record that appellant "cooperated" with the officers after the invalid test first given. Rather, his professed willingness to be tested was token and empty, exhibiting the same game-playing decried in *Beck v. Cox*, 597 P.2d 1335, 1338 (Utah 1979).

Appellant suggests that the arresting officer arbitrarily and unreasonably requested a fourth breath test after receiving an inadequate air supply on the three previous attempts. He claims that he performed the test on each of the three attempts. Appellant misstates the evidence before the trial court. At trial, each police officer clearly testified that after the first test was declared invalid, appellant refused to properly give a breath sample even though he had verbally agreed to further tests. Appellant

did not testify and presented no contrary evidence to the court.

A testing officer has considerable discretion under § 41–6–44.10(1) to obtain satisfactory breath samples for a proper test, as to quality as well as quantity. *Mathie v. Schwendiman*, 656 P.2d 463, 464 (Utah 1982); *Powell v. Cox*, 608 P.2d 239 (Utah 1980). In *Beck v. Cox*, the Utah Supreme Court upheld a license revocation after four refusals by the motorist to give an adequate breath sample. That court stated that the implied consent law is to be construed in a reasonable, practicable manner to enable officers to deal realistically with uncooperative drivers. *Beck*, 597 P.2d at 1337.

> [The test is refused] by verbally saying, "I refuse," or by remaining silent and not just breathing or blowing into the machine, or by vocalizing some sort of qualified or conditional consent or refusal.... The volitional failure to do what is necessary in order that a test can be performed is a refusal.

*Beck*, 597 P.2d at 1338, (quoting *Spradling v. Deimeke*, 528 S.W.2d 759 (Mo.1975)).

The officers' request that appellant give additional air samples necessary to complete a valid test was reasonable and practical under the circumstances, and entirely proper under the long-settled authority of this state. *Lee v. Schwendiman*, 722 P.2d 766 (Utah 1986); *Powell*, 608 P.2d at 239; *Cavaness v. Cox*, 598 P.2d 349 (Utah 1979). A consent to be tested cannot be conditioned upon the presence of counsel. Utah Code Ann. § 41–6–44.10(7) (1988); *Cavaness*, 598 P.2d at 352–54. It makes no difference whether a refusal is conditional or is believed by the motorist to be reasonable. *Lopez v. Schwendiman*, 720 P.2d 778, 781 (Utah 1986).

Because the evidence established that the officers' three repeated requests were reasonable under the circumstances and that appellant refused after the first test, we need not reach appellant's constitutional argument that the statute violates due process by giving "unfettered" discretion to police officers to administer unlimited tests. *But see Powell*, 608 P.2d at 241 n. 4.

Based upon the well-settled authority in Utah, we reject appellant's contentions as frivolous. The revocation of appellant's driver's license is summarily affirmed. A sanction of double costs is awarded to respondent, pursuant to R.Utah Ct.App. 33(a).

BENCH, DAVIDSON and JACKSON, JJ., concur.