VISITOR INFORMATION CENTER
AUTHORITY OF GRAND
COUNTY, Petitioner,

v.

CUSTOMER SERVICE DIVISION, UTAH
STATE TAX COMMISSION, State of
Utah, Respondent.

No. 950523.

Supreme Court of Utah.

Jan. 21, 1997.

Ken Chamberlain, Richfield, for petitioner.

Jan Graham, Atty. Gen., Brian L. Tarbet, Asst. Atty. Gen., Salt Lake City, for respondent

ZIMMERMAN, Chief Justice:

Visitor Information Center Authority of Grand County ("Authority") petitions for review of a decision of the Utah State Tax Commission ("Tax Commission"). Pursuant to section 78–2–2(3)(e)(ii) of the Utah Code, we have appellate jurisdiction over this final decision of the Tax Commission. We affirm.

The Authority is a nonprofit corporation organized by Grand County as a municipal building authority pursuant to section 17A–3–903 of the Code, a part of the Utah Municipal Building Authority Act. Under that act, cities, counties, and school districts may acquire or construct public projects by issuing revenue bonds through the building authorities and using the proceeds to pay for construction of public facilities. Utah Code Ann. § 17A–3–909. The facilities are then leased by the building authority back to the entity that created the authority and the rents paid are used to retire the bonds. *Id.* §§ 17A–3–905, –910. When the bonds are retired, title to the project vests in the entity that created the building authority. *Id.* § 17A–3–912. This avoids the need to have voters approve general obligation bonds to fund separate public projects. *See Municipal Bldg. Auth. v. Lowder*, 711 P.2d 273, 276 (Utah 1985).

The Utah Municipal Building Authority Act was enacted in 1981. Ch. 45, 1981 Utah Laws 309. At that time, the section at issue in this litigation read as follows:

All property owned, held, or acquired by a building authority, all rentals becoming

due under leasing contracts, and all bonds issued by a building authority and the interest accruing on them shall be exempt from taxation in this state, including taxation under the individual income tax laws, the corporate franchise tax laws, and the ad valorem property and privilege tax laws of this state.

*Id.* at 316. In 1984, the legislature enacted the Corporate Franchise Tax Amendments, which ostensibly "exempt[ed] certain evidences of indebtedness from taxation under the individual income tax laws, but not under the corporate franchise tax laws." Ch. 61, 1984 Utah Laws 289, pmbl. The amended version of the statute, as it appears in Utah Laws, is as follows:

> All property owned, held, or acquired by a building authority, all rentals becoming due under leasing contracts, and all bonds issued by a building authority and the interest accruing on them shall be exempt from all taxation in this state, [including taxation under the individual income tax laws,] except for the corporate franchise tax [laws, and the ad valorem property and privilege tax laws of this state].

Ch. 61, § 6, 1984 Utah Laws 294. Thus the language of the statute, as it now reads, subjects all property, rents, and bonds and the interest on them, to the corporate franchise tax.

This case arose when the state assessed corporate franchise taxes on the Authority. The Authority petitioned the Tax Commission for a ruling exempting it from the corporate franchise tax. It claimed that the legislature's intent in enacting the 1984 amendment to the original building authority legislation was to subject only the interest on bonds issued by the authority to the corporate franchise tax. The Authority argued that an error in drafting resulted in the language that appears to subject other aspects of the authority's operation to the corporate franchise tax.

That petition was initially denied by the Tax Commission on April 14, 1995. The Authority petitioned for a redetermination pursuant to section 63–46b–3(3) of the Code. The petition for redetermination was heard and denied. The Authority's request for re-consideration was also denied. The Authority petitioned this court for a writ of review, which we granted. The case was then argued before this court.

■ We begin by determining the applicable standard of review. The standard of review in this case is governed by section 59–1–610 of the Utah Code. "When reviewing formal adjudicative proceedings commenced before the commission, the ... Supreme Court shall ... grant the commission no deference concerning its conclusions of law, applying a correction of error standard, unless there is an explicit grant of discretion contained in a statute at issue before the appellate court." Utah Code Ann. § 59–1–610; *see also Cache County v. Property Tax Div. of Utah State Tax Comm'n,* 922 P.2d 758, 763 (Utah 1996). The hearing from which the Authority seeks review was a formal adjudicative proceeding, *see* Utah Admin.Code R861–1A–5, and the Tax Commission's conclusion that section 17A–3–913 requires the Authority to pay corporate franchise tax is a question of statutory construction and therefore a conclusion of law. *See State v. Pena,* 869 P.2d 932, 935 (Utah 1994). Finally, no statute grants discretion to the Tax Commission to interpret section 17A–3–913 of the Utah Code. Therefore, we grant no deference to the Tax Commission's interpretation of section 17A–3–913 and review for correctness.

■ As noted, the Authority argued before the Tax Commission, and again before this court, that the language appearing at the end of section 17A–3–913 of the Utah Code is part of a drafting error. The Tax Commission rejected this argument, holding that the language of the statute is clear and unambiguous and, thus, any inquiry into legislative history would be improper. We agree with the Tax Commission.

To recap the argument, the statute, as amended, reads:

> All property owned, held, or acquired by a building authority, all rentals becoming due under leasing contracts, and all bonds issued by a building authority and the interest accruing on them shall be exempt

from all taxation in this state, except for the corporate franchise tax.

Utah Code Ann. § 17A-3-913 (amended 1996). The Authority would parse this statute to have it read that the "except for the corporate franchise tax" language applies only to the interest on the bonds issued by the Authority. However, we find this to be a forced reading of a clear and unambiguous statute. The Authority is plainly subject to the corporate franchise tax under the Act.

During the 1996 General Session, the legislature enacted House Bill 169, the Building Authority Amendments, which changed the statute to reach a result similar to the one urged upon us by the Authority. The statute now provides:

(1) All property owned, held, or acquired by a building authority[,] and all rentals becoming due under [leasing contracts, and all] a leasing contract shall be exempt from all taxation in this state.

(2) All bonds issued by a building authority and the interest accruing on them shall be exempt from all taxation in this state, except for the corporate franchise tax.

Ch. 118, § 2, 1996 Utah Laws 364.

■ The fact that the legislature felt that this change was necessary, however, provides no support for reading the plain language of the statute as it existed prior to 1996 to make this amendment superfluous. Later versions of a statute do not necessarily reveal the intent behind an earlier version. *See* 1A Norman J. Singer, *Sutherland Statutory Construction* § 22.30 (5th ed. 1993) (a statutory amendment "indicates that [the legislature] intended to change the original act by creating a new right or withdrawing an existing one"). Ordinarily, "the presumption [is] that an amendment is intended to change existing legal rights." *Madsen v. Borthick*, 769 P.2d 245, 252 n. 11 (Utah 1988) (citing 1A Norman J. Singer, *Sutherland Statutory Construction* § 22.30 (4th rev. ed. 1985)). An exception to this presumption exists when the amendment "was intended to clarify a preexisting intention." *Id.* In this case, however, "we find no indication in the . . . amendment or elsewhere that the amendment was intended to clarify a preex-

isting intention." *Id.* If anything, this legislative change supports the proposition that the statute previously meant something different from what it now says.

■ We also find the Authority's other arguments unpersuasive. Unless the statute on its face is unclear or ambiguous, we find no need to delve into the uncertain facts of legislative history. "When language is clear and unambiguous, it must be held to mean what it expresses, and no room is left for construction." *Salt Lake Child & Family Therapy Clinic, Inc. v. Frederick*, 890 P.2d 1017, 1020 (Utah 1995).

Therefore we affirm the Tax Commission's ruling holding that the Authority is subject to corporate franchise tax on its property, rentals, and bonds issued and the interest thereon.

STEWART, Associate C.J., HOWE, DURHAM and RUSSON, JJ., concur in ZIMMERMAN'S, C.J., opinion.