**SALT LAKE BREWING COMPANY,**
Petitioner,

v.

**AUDITING DIVISION OF the UTAH STATE TAX COMMISSION,**
Respondent.

No. 950319.

Supreme Court of Utah.

Sept. 19, 1997.

David E. Leta, Sheleigh A. Chalkley, Salt Lake City, for petitioner.

Jan Graham, Atty. Gen., Brian L. Tarbet, Asst. Atty. Gen., Salt Lake City, for respondent.

DURHAM, Justice:

Petitioner Salt Lake Brewing Company (SLBC) seeks review of an order by the Utah State Tax Commission (Commission) holding that SLBC does not qualify for a sales tax exemption under section 59–12–104(16)[1] (1989) of the Utah Code. The Commission determined that the restaurant and brewery operated by SLBC constituted one establishment engaged primarily in retail trade and thus the brewery could not qualify as a manufacturing facility exempt from sales tax on purchases of equipment for its new and expanding operations. We affirm.

## BACKGROUND

SLBC began operating a restaurant and brewery in downtown Salt Lake City in 1989, retailing food and souvenirs as well as beer, ale, and other fermented malt beverages, which it produced on premises. From 1989 to 1992, SLBC did not pay any sales tax on

---

1. The relevant statute has since been amended and renumbered as subsection 15 in the Code, but none of the changes in the law affect this case.

machinery and equipment it purchased for the commencement and expansion of its brewery operations, claiming the exemption given to manufacturers under section 59–12–104(16) (1989) of the Utah Code. In 1993, SLBC received a notice of deficiency for its failure to pay sales tax on the equipment purchased during this period. SLBC petitioned the Commission for a redetermination, and the Commission ruled that SLBC did not qualify for the exemption.

During the audit period, SLBC ran a brew pub [2] in which beer brewed on the premises was sold at retail to customers in the adjoining restaurant. Although SLBC physically segregated its brewery operations from its restaurant pursuant to regulations of the Bureau of Alcohol, Tobacco, and Firearms, *see* 27 C.F.R. § 25.25, over ninety percent of the beer produced by SLBC was sold and consumed at the restaurant, and no beer was sold at wholesale.

Throughout the period in question, SLBC operated as a single corporate entity with two cost centers (i.e., the brewery and the restaurant) for accounting purposes. SLBC conducted both the restaurant and the brewery operations in a single building under one lease and with one business license. The restaurant employed about ninety persons, while one part-time and four full-time employees worked in the brewery; no employees shared duties in both the brewery and the restaurant. SLBC maintained only one checking account. The gas and water were metered separately, but the electrical and phone services were shared. The entire business, including both the restaurant and the brewery, maintained only one profit and loss statement, although some separate accounting was made for each cost center. Raw materials for the production of beer were counted as a loss to the restaurant, and no financial record was made of beer transferring from the brewery to the restaurant.[3]

**ANALYSIS**

Statute dictates the standard of review in this case:

When reviewing formal adjudicative proceedings commenced before the commission, the Court of Appeals or Supreme Court shall:

(a) grant the commission deference concerning its written findings of fact, applying a substantial evidence standard on review; and

(b) grant the commission no deference concerning its conclusions of law, applying a correction of error standard, *unless there is an explicit grant of discretion contained in a statute at issue before the appellate court.*

Utah Code Ann. § 59–1–610(1) (emphasis added); *see Newspaper Agency Corp. v. Auditing Div.*, 938 P.2d 266, 267–68 (Utah 1997). This case reviews a formal adjudicative proceeding, *see* Utah Admin. Code R861–1–5A(B) (defining formal adjudicative proceedings), and involves only issues of law because the parties stipulated to all material facts.

■ This case involves the application of the sales tax exemption contained in section 59–12–104(16) (1989) of the Utah Code. Because the Commission's determination is a matter of statutory construction, it is a conclusion of law. *See Visitor Info. Ctr. Auth. v. Customer Serv. Div., Utah State Tax Comm'n*, 930 P.2d 1196, 1197 (Utah 1997). The exemption includes in pertinent part

sales or leases of machinery and equipment purchased or leased by a manufacturer for use in new or expanding operations ... in any manufacturing facility in Utah.... Manufacturing facility means an establishment described in SIC Codes 2000 to 3999 of the Standard Industrial Classification Manual 1972, of the federal Executive Office of the President, Office of Management and Budget. *For purposes*

---

**2.** During the Commission's hearing, petitioner distinguished its enterprise, a "brew pub," which produces all or some of its beer for retail sale, from a "microbrewery," which produces all of its product for wholesale distribution.

**3.** The beer was transferred through refrigerated pipes directly from tanks in the brewery to taps in the bar. The beer sold in the restaurant was not charged as an expense to the restaurant, and the brewery's profits were figured in terms of retail sales.

*of this subsection, the commission shall by rule define "new or expanding operations" and "establishment."*

Utah Code Ann. § 59–12–104(16) (1989) (emphasis added).

■ For a taxpayer to qualify as a "manufacturing facility" to which the exemption is available, it must be an "establishment" under the definition given to that term by the Commission, and it must perform activities described in the relevant sections of the Standard Industrial Classifications (SIC) manual. While the Commission does not have authority to define "manufacturer," *see Sanders Brine Shrimp v. Audit Div.*, 846 P.2d 1304, 1306 (Utah 1993), the statute grants it explicit authority to define "establishment." Therefore, we must defer to the Commission's conclusion of law regarding whether the brewery constitutes an establishment within the definition of "manufacturing facility" for purposes of the sales tax exemption; we apply a reasonableness standard. *See Newspaper Agency Corp.*, 938 P.2d at 268.

■ The Commission has defined "establishment" by administrative rule as "an economic unit of operations that is generally at a single physical location in Utah where qualifying manufacturing activities are performed. Where distinct and separate economic activities are performed at a single physical location, each activity should be treated as a separate establishment." Utah Admin. Code R865–19–85S(5). The Commission held that the brewery and restaurant were not separate economic units because both functioned together for the primary objective of selling beer at retail for immediate consumption by the customer. We conclude that the Commission's finding is reasonable. SLBC's operations during the audit period, viewed as a whole, may reasonably be described as one retail business. Although the beer was "manufactured" on premises, none of it was sold at wholesale, and it was sold entirely through the restaurant for immediate consumption. SLBC's financial records and the daily operations of the pub reveal that operationally it is one economic unit, not two.

■ The Commission also properly applied the statute to determine that SLBC did not qualify as a manufacturing facility under section 59–12–104. The Commission did not rely on a definition of "manufacturer" inconsistent with the statute, as occurred in *Sanders Brine Shrimp*, 846 P.2d at 1306, but rather restricted its discussion to the definition of "manufacturing" found in the Code (i.e., activities described in sections 2000 to 3999 of the SIC classifications). Having exercised its discretion in determining that both of SLBC's operations constituted one establishment, the Commission found that the brew pub could be best described as both an "eating place" (SIC Code 5812) and a "drinking place for alcoholic beverages" (SIC Code 5813) and therefore was not a manufacturer for purposes of the sales tax exemption. The brewery's operations are indistinguishable from those, for example, of a retail bakery that produces bread entirely for retail sale to the public; such a bakery would not qualify as a manufacturer because its activities are not described within the relevant SIC Codes mentioned in section 59–12–104(15) (1989).

■ SLBC argues that because it has been treated as a beer manufacturer for the purposes of the beer tax, denying it the manufacturers' sales tax exemption is inconsistent and discriminatory. We disagree. To qualify for the exemption, the taxpayer must operate a "manufacturing facility" as defined in the statute. A company can be involved in the activity of manufacturing goods and yet not fall within the definition of "manufacturing facility." The beer tax, on the other hand, applies to any entity that manufactures beer regardless of whether it operates a manufacturing facility. For example, a bed and breakfast inn that brews its own beer to provide unique services and entice customers would be subject to Utah's beer tax as well as many other state and federal regulations affecting the production of beer. However, such an activity would not legally transform a bed and breakfast inn, primarily concerned with providing sleeping and eating accommodations, into a manufacturing facility under section 59–12–104(15).

We recognize that a restaurant and brewery operation similar to SLBC's might qualify for the manufacturers' sales tax exemption under different facts. The Commission's standard for determining whether separate establishments may exist at the same location requires "distinct and separate economic activities." Utah Admin. Code R865–19–85S(5). This definition suggests that clear legal and economic segregation of the activities of the different establishments would give rise to a different result. In the instant case, however, the brewery and the restaurant are so economically interdependent that, given the standard of review, we must uphold as reasonable the Commission's determination that they constitute one establishment that is not a manufacturer. Affirmed.

ZIMMERMAN, C.J., and HOWE and RUSSON, JJ., concur in Justice DURHAM's opinion.

STEWART, Associate C.J., concurs in the result.