EVANS & SUTHERLAND COMPUTER CORP., Plaintiff and Appellant,

v.

UTAH STATE TAX COMMISSION and County Board of Equalization of Salt Lake County, State of Utah, Defendants and Appellees.

No. 960009.

Supreme Court of Utah.

Oct. 7, 1997.

Ken P. Jones, Salt Lake City, for plaintiff and appellant.

Jan Graham, Atty. Gen., Michelle Bush, Asst. Atty. Gen., Salt Lake City, for Tax Commission.

Mary Ellen Sloan, Douglas R. Short, Salt Lake City, for Board of Equalization.

ZIMMERMAN, Chief Justice:

This is an appeal from the Third District Court's dismissal of Evans & Sutherland Computer Corporation's ("Evans & Sutherland") petition seeking review by trial de novo of the decision of the Utah State Tax Commission ("the Commission") concerning a real property tax dispute with the Salt Lake County Board of Equalization ("the Board"). The district court ruled that the statute granting that court jurisdiction to review the Commission's decision, section 59–1–601 of the Utah Code, did not apply retroactively and, as a consequence, the court did not have jurisdiction to hear Evans & Sutherland's case. We have jurisdiction over this matter under section 78–2–2(3)(j) of the Utah Code. We reverse the district court's ruling that section 59–1–601 does not apply retroactively to this dispute, but we affirm the dismissal of the action because we find that section 59–1–601 violates article XIII, section 11 and article V, section 1 of the Utah Constitution.

We first set forth the facts of the dispute. In March of 1992, Evans & Sutherland filed an appeal from the Board with the Commission for the tax year 1991.[1] Evans & Sutherland contested the value set by the Board on six of its buildings for property tax purposes and on the parcels of land on which the buildings are located for privilege tax purposes. On June 3, 1993, the Commission initiated a formal hearing on the valuation issues. The Commission issued its "Findings of Fact, Conclusions of Law, and Final Decision" on February 2, 1994. Evans & Sutherland timely filed a request for reconsideration of the Commission's decision concerning the valuation of the six buildings for property tax purposes.[2] See Utah Code Ann. § 63–46b–13(1)(a) (providing twenty days within which to file written request for reconsideration of agency orders). Because the Commission did not act on the request within twenty days after it was filed, the request for reconsideration was deemed denied on March 15, 1994, pursuant to section 63–46b–13(3)(b) of the Utah Code. Instead of acting on the request for reconsideration within the twenty-day period, the Commission sought to

---

1. Evans & Sutherland also appealed for the tax year 1992. This appeal was consolidated with the 1991 appeal.

2. The Commission's decision as to the valuation of the parcels of land was eventually appealed by the Board to this court. See *County Board of Equalization v. Utah State Tax Commission*, 927 P.2d 176 (Utah 1996), for the resolution of that matter. Our decision in that case does not affect the merits of this appeal.

extend indefinitely its period of time for considering and acting on the request in order to give the parties time to brief the issues raised in the request and to give the Commission sufficient time to consider the request. Evans & Sutherland filed a protective petition for review with this court on April 12, 1994.[3] *See* Utah Code Ann. § 63–46b–14(3)(a) (directing parties to file "petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action is issued or is considered to have been issued under Subsection 63–46b–13(3)(b)"). We stayed the petition for review until after the issuance of the Commission's order on the request for reconsideration and the expiration of time for filing any appeals pursuant thereto. The Commission did not issue. an order on Evans & Sutherland's request until January 27, 1995, when the Commission denied the request.

Thereafter, Evans & Sutherland petitioned for review with the Third District Court, seeking review by trial de novo of the Commission's decision.[4] In 1993, the legislature had amended section 59–1–601 of the Code to permit district court review by trial de novo of Commission decisions resulting from formal hearings. Taxpayers Appeal from Administrative Rulings Act, ch. 248, sec. 2, § 59–1–601, 1993 Utah Laws 1255, 1255. Prior to the passage of that statute, review was in this court only and the standard of review, governed by section 59–1–610, was more restrictive. *See* Utah Code Ann. § 63–46b–16(1); *id.* § 78–2–2(3)(e)(ii); *see also id.* § 59–1–610. As amended, section 59–1–601 provides that "beginning July 1, 1994, the district court shall have jurisdiction to review by trial de novo all decisions by the [tax] commission resulting from formal adjudicative proceedings." *Id.* § 59–1–601(1) (1996).

The Board moved to dismiss Evans & Sutherland's petition on the grounds that section 59–1–601 does not apply retroactively and is unconstitutional. The district court granted the Board's motion to dismiss, concluding that the amended section 59–1–601 effected a substantive change in the law, making retroactive application impermissible. The district court did not address the constitutional question. Evans & Sutherland appealed the dismissal to this court.

We first consider whether section 59–1–601 applies retroactively to matters pending before the Commission prior to the effective date of the statute. Whether a statute operates retroactively is a question of law, which we review for correctness without deference to the district court. *See Madsen v. Borthick,* 769 P.2d 245, 252–53 (Utah 1988). Two rules of statutory construction are relevant to our assessment. One is the "long-standing rule of statutory construction that a legislative enactment which alters the substantive law ... will not be read to operate retrospectively unless the legislature has clearly expressed that intention." *Id.* at 253 (citations omitted); *see also* Utah Code Ann. § 68–3–3. The intent to have a statute operate retroactively may be indicated by explicit statements that the statute should be applied retroactively, *see, e.g.,* Utah Code Ann. § 19–6–302.5(3); *id.* § 19–6–402.5(3); *id.* § 77–18–17; *see also id.* § 57–15–2, or by clear and unavoidable implication that the statute operates on events already past. *See* 82 C.J.S. *Statutes* § 414 (1953). The second relevant rule of statutory construction, which is often referred to as an exception to the first, permits retroactive application " 'where a statute changes only procedural law by providing a different mode or form of procedure for enforcing substantive rights' " without enlarg-

---

**3.** Section 63–46b–14(3)(a) provides two time periods for seeking judicial review of final agency actions. The first is to file "within 30 days after the date that the order constituting the final agency action is issued," and the second is to file "within 30 days after the date that the order constituting the final agency action ... is considered to have been issued under Subsection 63–46b–13(3)(b)." Utah Code Ann. § 63–46b–14(3)(a); *see also Harper Invs., Inc. v. Auditing Div., State Tax Comm'n,* 868 P.2d 813, 815–16 (Utah 1994). In this case, Evans & Sutherland

elected to file its petition within the latter period to protect its right to seek review in the event that the Commission never triggered the first filing period by issuing an order on the request for reconsideration.

**4.** We stayed Evans & Sutherland's petition for review with this court to allow the district court to proceed with the issues now on appeal in this proceeding.

ing or eliminating vested rights. *Roark v. Crabtree*, 893 P.2d 1058, 1062 (Utah 1995) (quoting *Pilcher v. State*, 663 P.2d 450, 455 (Utah 1983)) (additional citations omitted).

Traditionally, we have begun our analysis by applying the first rule of statutory construction: Only when we conclude that retroactive application is not permitted under that rule do we consider whether the second rule of construction permits retroactive operation. *See, e.g., id.* at 1061–62. However, the terms of the first rule of statutory construction indicate that it applies only when a statute alters the substantive law. Consequently, where, as here, a statute does not contain an express retroactivity provision, the better approach is to first determine whether a statute is substantive or procedural and then apply the applicable rule of statutory construction.

■ We begin with the language of section 59–1–601 to determine whether that section is substantive or procedural. At the time of Evans & Sutherland's appeal to the district court, section 59–1–601 provided in relevant part, "In addition to the jurisdiction granted in Section 63–46b–15, beginning July 1, 1994, the district court shall have jurisdiction to review by trial de novo all decisions by the commission resulting from formal adjudicative proceedings." Utah Code Ann. § 59–1–601(1) (1996).[5] Before the enactment of this section, the district court did not have jurisdiction to review Commission decisions resulting from formal adjudicative proceedings. The only avenue for challenging such decisions was to file a petition for review with this court. *See id.* § 63–46b–16(1); *id.* § 78–2–2(3)(e)(ii). Section 59–1–601 grants parties the choice of seeking review in the district court by trial de novo or in this court by the standard of review set forth in section 59–1–610.[6] *See id.* § 59–1–602(1)(a).

We conclude that these changes are procedural in nature. Section 59–1–601 controls the mode and form of procedure for enforcing the underlying substantive rights in the valuation dispute between the Board and Evans & Sutherland. The substantive law pertinent to this dispute has not been changed; instead, section 59–1–601 merely affects the judicial machinery available for determining the substantive rights. *See Salt Lake Child & Family Therapy Clinic v. Frederick*, 890 P.2d 1017, 1020 n. 3 (Utah 1995); *see also National Parks & Conservation Ass'n v. Board of State Lands*, 869 P.2d 909, 912 (Utah 1993) (permitting retroactive application of amendments to procedural statutes "if the amendments merely *regulate the procedures for presenting and resolving a case* and do not adversely affect vested rights" (emphasis added)); *State v. Burgess*, 870 P.2d 276, 280 n. 6 (Utah Ct.App.1994). It is true that a different standard of review applies in cases before the district court, and we assume this was done with a purpose, but that fact does not make section 59–1–601 substantive. *See Board of Equalization v. State Tax Comm'n ex rel. Benchmark, Inc.*, 864 P.2d 882, 884 (Utah 1993) (ruling that section 59–1–610, which changed standard of review on appeals from Commission, applied retroactively).

■ In light of the foregoing, the procedural enactment at issue here may operate retroactively so long as it does not enlarge or eliminate vested rights. The Board argues that section 59–1–601 should not be applied retroactively for two reasons. First, such an application will deprive the Board of a final decision rendered in its favor; second, permitting de novo review in the district court will expose the Board to substantial additional costs of litigation because a de novo proceeding means starting over. The latter argument is easily dismissed: parties do not possess a vested right to avoid additional costs of litigation on review of an agency decision. However, the first of the Board's

---

5. The legislature amended section 59–1–601 during the 1997 legislative session. Centrally Assessed Taxpayers Amendments, ch. 309, sec. 2, § 59–1–601, 1997 Utah Legislative Report 212, 213. We address the impact of this amendment below.

6. Section 59–1–610(1) directs appellate courts to

(a) grant the commission deference concerning its written findings of fact, applying a substantial evidence standard on review; and

(b) grant the commission no deference concerning its conclusions of law, applying a correction of error standard, unless there is an explicit grant of discretion contained in a statute at issue before the appellate court.

arguments requires greater consideration to determine whether retroactive application does deprive the Board of a final decision rendered in its favor. The Board bases its contention that it will lose a final judgment rendered in its favor on the following: (1) The Commission issued its "Findings of Fact, Conclusion of Law, and Final Decision" on February 2, 1994; (2) Evans & Sutherland timely filed a request for reconsideration, but the Commission did not act on the request within the twenty-day "considered denied" period established by section 63–46b–13(3)(b); and (3) the request for reconsideration was deemed denied by operation of section 63–46b–13(3)(b) in March of 1994. Therefore, the Board argues, the Commission's February 2nd order was deemed "final" at that point.

We think the Board takes an artificially narrow view of the proceedings.

On January 27, 1995, the Commission issued an order denying the petition for reconsideration. Evans & Sutherland sought review of this January 27th decision in the district court. Under these facts, we conclude that the Board did not have a vested right in the February 2nd decision, because the January 27th decision supplanted that decision. Though the February 2nd decision became an appealable final order on March 15th by virtue of section 63–46b–13(3)(b), which deems denied any request for reconsideration not acted upon within twenty days of its filing date and thereby satisfies the requirements of section 63–46b–14 for appealing an agency action, the Commission exercised its continuing jurisdiction over the matter and eventually entered an order denying the request for reconsideration.[7]

In *Harper Investments, Inc. v. Auditing Division, State Tax Commission,* 868 P.2d 813 (Utah 1994), we recognized the Commission's continuing jurisdiction to enter an order on a request for reconsideration even after the request has been deemed denied under section 63–46b–13(3)(b). There, we interpreted section 63–46b–14(3)(a)'s direction to parties to file their petition for review of an agency decision "within 30 days after the date that the order constituting the final agency action is issued or is considered to have been issued under Subsection 63–46b–13(3)(b)." *Id.* at 815–16. We agreed with an earlier court of appeals decision that "found that if an agency chooses to issue an order denying a petition for reconsideration after the twenty-day presumptive denial period, the actual date of issuance would mark the beginning of the thirty-day time period." *Id.* at 816 (citing *49th Street Galleria v. Tax Comm'n,* 860 P.2d 996, 999 (Utah Ct.App. 1993)). In the instant case, the Commission issued an order denying Evans & Sutherland's request for reconsideration after the "considered denied" period of section 63–46b–13(3)(b) had expired. Under *Harper Investments,* the order issued on January 27, 1995, not the order of February 2, 1994, is the final decision of the Commission, and Evans & Sutherland properly sought review of that final decision.[8] Therefore, the Board

---

7. The Commission partially granted the request for reconsideration by modifying the February 2, 1994, decision, "clarif[ying] that its determination of value was the full fair market value of the property prior to the intangible value adjustments as provided for by § 59–2–304."

8. We note that the legislature has created significant problems by permitting the Commission to enter an order on a request for reconsideration even after the request has been deemed denied pursuant to section 63–46b–13(3)(b) and the agency action is appealable under section 63–46b–14. As Justice Howe noted in his dissent in *Harper Investments,* where a "party has requested reconsideration by the administrative agency but no action has been taken on the request by the end of twenty days, an appeal must then be filed." If an appeal is not filed, a party is exposed to the risk that the agency will never act on the request and the time for filing an appeal will expire. 868 P.2d at 817 (Howe, J., dissenting). As Justice Howe further observed, however, "If ... the agency later ... acts on the request and denies it, the appeal which has been taken turns out to be premature and must be dismissed. The party must then file a second appeal, supposedly pay another filing fee, and continue pursuit of the appeal." *Id.* (Howe, J., dissenting). Permitting the Commission sufficient time to reconsider its decisions makes sense in terms of judicial economy: the Commission can apply its expertise and correct its errors, avoiding the need for an appeal to the courts where generalist judges would review the controversy. Unfortunately, the current statutory scheme does not limit the Commission's ability to enter orders on requests for reconsideration, yet deems such requests denied after only twenty

does not lose a vested right in a final decision of the Commission by virtue of section 59–1–601's retroactive application.

The 1997 amendment to section 59–1–601 does not change this result. The original version of section 59–1–601(1) was silent as to the scope of its retroactivity: it merely provided that "beginning July 1, 1994, the district court shall have jurisdiction to review by trial de novo all decisions by the commission resulting from formal adjudicative proceedings." Utah Code Ann. § 59–1–601(1) (1996). This language does not address whether the legislature intended the statute to apply to all Commission decisions, regardless of whether the facts constituting the claim arose prior to the effective date of the statute, whether the claim was pending before the Commission prior to the effective date, or whether the Commission issued its decision before either the effective date or July 1, 1994. The legislature eliminated this ambiguity with the 1997 amendment to section 59–1–601. That section now provides in relevant part that "beginning July 1, 1994, the district court shall have jurisdiction to review by trial de novo all decisions *issued* by the commission *after that date* resulting from formal adjudicative proceedings." Centrally Assessed Taxpayers Amendments, ch. 309, sec. 2, § 59–1–601(1), 1997 Utah Legislative Report 212, 213. This amendment clearly delineates the district court's jurisdiction, permitting review of all Commission decisions resulting from formal adjudicative proceedings and issued after July 1, 1994, irrespective of whether the facts constituting the claim arose prior to the effective date or whether the matter was pending before the Commission prior to the effective date.

■ Under a long-standing exception to the general rule against applying statutes retroactively, statutory amendments that merely clarify an ambiguity in an original statute will be given retroactive effect. *Okland Constr. Co. v. Industrial Comm'n,* 520 P.2d 208, 210–11 (Utah 1974); *cf. Visitor Info. Ctr. Auth. v. Customer Serv. Div., State Tax Comm'n,* 930 P.2d 1196, 1198 (Utah 1997) (noting that amendment will be presumed to change rather than to clarify existing rights where language of original statute is plain). This exception applies with particular force when, as here, the clarifying amendment is to a procedural statute. *Foil v. Ballinger,* 601 P.2d 144, 151 (Utah 1979). In *Foil,* we observed that such amendments apply to accrued, pending, and future actions. We further noted that "an action is pending 'from the time of its commencement until its final determination upon appeal.'" *Id.* (quoting *Boucofski v. Jacobsen,* 36 Utah 165, 104 P. 117, 120 (1909)). Consistent with our reasoning in *Foil,* we hold that the 1997 amendment to section 59–1–601(1) applies to this action.

The amended version of section 59–1–601(1) grants jurisdiction to the district court to review all Commission decisions issued after July 1, 1994. As we explained above, Evans & Sutherland sought district court review of the Commission's decision issued on January 27, 1995, not the February 2, 1994, decision. Consequently, the district court has jurisdiction under the 1997 amended version of section 59–1–601(1) to review the dispute.

■ We must next address the Board's arguments challenging the constitutionality of section 59–1–601. The Board argues that this section effectively removes the Commission's constitutionally bestowed power to adjust and equalize the valuation and assessment of property and vests that power with the district courts. The 1997 amended version of section 59–1–601 provides:

(1) In addition to the jurisdiction granted in Section 63–46b–15, beginning July 1, 1994, the district court shall have jurisdiction to review by trial de novo all decisions *issued* by the commission *after that date* resulting from formal adjudicative proceedings.

(2) As used in this section, "trial de novo" means an original, independent proceeding, and does not mean a trial de novo on the record.

(3) (*a*) In any appeal to the district court pursuant to this section *taken after January 1, 1997,* the commission shall

days. This creates uncertainty as to when a Commission decision is truly final.

certify a record of its proceedings to the district court.

(*b*) This Subsection (*3*) supercedes [sic] Section 63–46b–16 pertaining to judicial review of formal adjudicative proceedings.

Centrally Assessed Taxpayers Amendments, ch. 309, sec. 2, § 59–1–601, 1997 Utah Legislative Report 212, 213 (deleted statutory language omitted).[9] Under this statute, the district court is permitted to conduct a trial de novo on matters decided by the Commission resulting from formal adjudicative proceedings. Although denominated "review by trial de novo," this statute does not actually provide for review of the Commission decision. Rather, it directs the district court to decide the matter afresh. Indeed, the 1997 version of section 59–1–601 eliminated the only limitations on the district court in the 1993 version: the witnesses it may hear and the direction to review and consider the Commission's record.[10] The Board contends that this section's operation violates article XIII, section 11 of the Utah Constitution, which establishes the Commission and gives it its power. Article XIII, section 11 states in relevant part:

There shall be a State Tax Commission consisting of four members, not more than two of whom shall belong to the same political party. The members of the Commission shall be appointed by the Governor, by and with the consent of the Senate, for such terms of office as may be provided by law. The State Tax Commission shall administer and supervise the tax laws of the State. It shall assess mines and public utilities and adjust and equalize the valuation and assessment of property among the several counties. It shall have such other powers of original assessment as the Legislature may provide. Under such regulations in such cases and within such limitations as the Legislature may prescribe, it shall review proposed bond issues, revise the tax levies of local governmental units, and equalize the assessment and valuation of property within the counties. The duties imposed upon the State Board of Equalization by the Constitution and Laws of this State shall be performed by the State Tax Commission.

Utah Const. art. XIII, § 11.

Evans & Sutherland relies on two constitutional provisions to support its argument that the legislature may vest jurisdiction in the district courts to conduct an original, independent proceeding over issues previously decided by the Commission in formal hearings. First, it argues that article XIII, section 11 provides that "*under such regulations in such cases and within such limitations as the Legislature may prescribe*

---

9. For the purpose of our constitutional analysis, the 1993 and 1997 versions of section 59–1–601 are indistinguishable. The 1993 version of section 59–1–601 provided:

(1) In addition to the jurisdiction granted in Section 63–46b–15, beginning July 1, 1994, the district court shall have jurisdiction to review by trial de novo all decisions by the commission resulting from formal adjudicative proceedings.

(2) As used in this section, "trial de novo" means an original, independent proceeding, and does not mean a trial de novo on the record.

(3) In any appeal taken after July 1, 1994, from a formal hearing to the district court pursuant to this section, the commission shall certify a record of its proceedings to the district court which record shall be reviewed and considered by the district court. A district court may not, unless the parties otherwise agree in writing, hear witnesses that were not called to testify or consider exhibits that were not presented to the commission at the formal hearing. If the parties do not agree, and a

district court determines that additional witnesses should be heard or additional exhibits considered in the interest of justice, the district court shall remand the case to the commission for that purpose. This subsection supercedes [sic] Section 63–46b–16 pertaining to judicial review of formal adjudicative proceedings.

Utah Code Ann. § 59–1–601 (1996). Both versions permit the district court to conduct an original, independent proceeding reviewing the same Commission decisions.

Prior to the 1993 amendment to section 59–1–601, district courts had jurisdiction to review only final agency actions resulting from informal adjudicative proceedings. *See id.* § 63–46b–15 (Supp.1996).

10. Even the limitations on the district court in the 1993 version of section 59–1–601 were more apparent than real. The district court could avoid the witness limitation by remand with discretion to hear the new witnesses, and the direction to review and consider the Commission's record was inconsequential because the district court did not have to give any deference to the findings and conclusions in the record.

... [the Commission] shall ... equalize the assessment and valuation of property within the counties" (emphasis added). Section 59–1–601 contains only legislative "regulations" and "limitations." Second, Evans & Sutherland argues that article XIII, section 3(1), which provides that "[t]he Legislature shall prescribe by law such provisions as shall secure a just valuation for taxation of ... property," also gives the legislature authority to establish the review procedures it deems necessary to secure "just" valuations. In substance, Evans & Sutherland asserts that these two provisions grant the legislature the authority to give the district courts the power to perform the duties imposed upon the Commission by article XIII, section 11 of the Utah Constitution.

■ We begin our analysis with article XIII, section 11. Our prior cases indicate that this constitutional provision is more than a grant of power to the Commission. It also limits the power of the legislature to confer the Commission's powers on other governmental entities. *See Kennecott Corp. v. Salt Lake County,* 702 P.2d 451, 457 (Utah 1985); *State ex rel. Pub. Serv. Comm'n v. Southern Pac. Co.,* 95 Utah 84, 79 P.2d 25, 38 (Utah 1938); *cf. State ex rel. Salt Lake City v. Eldredge,* 27 Utah 477, 76 P. 337, 341 (1904) (invalidating legislation conferring power on state board of equalization to assess property situated wholly within single county because such legislation infringed on article XIII, section 11 authority of county boards of equalization to "adjust and equalize the valuation of the real and personal property within their respective counties").

In *Southern Pacific,* we considered a statutory scheme that removed the power to assess and value public utilities from the Commission and vested it in the Public Service Commission. 79 P.2d at 38. Assessing this scheme under article XIII, section 11, we stated:

Constitutional provisions must be considered as limitations on legislative power where there is language of limitation or exception.... The provisions of [article XIII,] section 11 specifically vest the power of assessing utilities in the State Tax Commission. Therefore, that specific provision must be considered as a limitation on the power of the legislature to place the

assessing power in any other officer or commission.

*Id.* Accordingly, we invalidated the statutory scheme as impermissibly transferring the Commission's power to the Public Service Commission. *Id.*

Similarly, in *Kennecott,* we found article XIII, section 11 to restrict the legislature's authority to place the Commission's powers in other governmental entities. 702 P.2d at 457. *Kennecott* presented a situation analogous to the current one. The reviewed legislation conferred jurisdiction on the district court to " 'affirm, reverse, modify or remand any order of the state tax commission, and shall grant other relief, invoke such other remedies, and issue such orders ... as shall be appropriate.' " *Id.* (quoting Utah Code Ann. § 59–24–4 (Supp.1983)). At issue was whether section 59–24–4 permitted the district court to adjust mining assessments. Relying on our interpretation of article XIII, section 11 in *Southern Pacific,* we stated that the legislature may not "confer the power of assessing mines, which includes fixing valuation of mining property, on the ... district courts." *Id.* We concluded that if a district court finds that the Commission erred in making a mining assessment, section 59–24–4 permits the district court only to "reverse and remand the matter to the Commission for a proper determination pursuant to correct legal standards." *Id.*

The broad grant of power in section 59–1–601 to the district courts runs counter to the limiting aspect of article XIII, section 11 identified by our prior cases. Section 59–1–601 supplants the article XIII, section 11 duty of the Commission to "adjust and equalize the valuation and assessment of property" by vesting the district courts with jurisdiction to review by trial de novo Commission decisions on such matters. As noted above, section 59–1–601 defines "trial de novo" as "an original, independent proceeding"; as a result, the district court is empowered to fix valuation of property rather than merely reviewing, reversing, and remanding to the Commission for a proper determination. This empowerment of the district court flies in the face of our decision in *Kennecott.* Section 59–1–601's grant of jurisdiction to the district court goes well beyond the legislature's power to prescribe limitations on the

Commission's ability to "adjust and equalize the valuation and assessment of property among the several counties." Utah Const. art. XIII, § 11. Section 59–1–601 does not operate only to limit the Commission's discretion in conducting its article XIII, section 11 duties, it effectively eliminates the Commission's role whenever one of the parties chooses to seek review under that section. The Commission's prior decision becomes a nullity, and the district court conducts an original, independent proceeding.

Similarly, section 59–1–601 is beyond the legislature's authority to "prescribe by law such provisions as shall secure a just valuation for taxation of [tangible] property." *Id.* art. XIII, § 3. Neither article XIII, section 3 nor article XIII, section 11 permits the legislature to remove the Commission's power to "adjust and equalize the valuation and assessment of property among the several counties" and to place that power in the district courts. *See id.* art. XIII, § 11. Yet section 59–1–601 purports to do exactly that.

Furthermore, section 59–1–601 is inconsistent with the underlying purpose of article XIII, section 11. When the Utah Constitution was amended in 1930 to create the Commission, one of the reasons for the amendment was that "[c]entralized administration should be provided, with adequate authority to supervise the entire tax system." Report of Tax Revision Commission of the State of Utah at 7 (1929). Section 59–1–601 destroys this uniformity by vesting the administration of the taxation system in the eight separate judicial districts and in the various individual judges of those districts. *See* Utah Code Ann. § 59–1–602(1)(b). Accordingly, we hold that both the 1993 and 1997 versions of section 59–1–601 violate article XIII, section 11 and are unconstitutional.

■ Finally, we note that the 1993 and 1997 versions of section 59–1–601 are unconstitutional under article V, section 1 of the Utah Constitution. That provision bars the judicial branch from exercising any of the functions reserved to another branch of government. The power given the Commission, part of the executive branch, by article XIII, section 11 falls within that prohibition.

The present enactment evidences an obvious desire on the part of the legislature to remove certain core functions from the Commission and place them in what must be seen as a more sympathetic forum—the courts. Whatever the merits of substituting generalist judges for the expertise of the Commission, if any such wholesale change in the allocation of responsibility for administering this state's tax system is to be made, it must be made by a constitutional amendment passed by the people, not by an act of the legislature. The people established the present regime in 1930 when article XIII, section 11 was passed. They are the only ones who can dismantle it.

Finally, we consider sua sponte what avenues remain for Evans & Sutherland to seek review of the Commission's decision regarding the valuation of Evans & Sutherland's buildings. We dismiss Evans & Sutherland's petition for review to this court, No. 940185, from the Commission's February 2, 1994, order as moot because the January 27, 1995, order is the final action of the Commission. Evans & Sutherland did timely seek review of the January 27th order but sought review under section 59–1–601, which today we strike down as unconstitutional, instead of section 63–46b–16. To avoid the inequitable situation of leaving Evans & Sutherland without an avenue for obtaining review of the January 27, 1995, order, we grant Evans & Sutherland thirty days from the issuance of this opinion in which to petition for review from that order under the statutory procedures now in place for seeking review of a final agency action resulting from formal adjudicative proceedings. *See id.* § 78–2–2(2) (granting this court "authority to issue all writs and process ... in aid of [its] jurisdiction").

In conclusion, we hold that the district court erred by dismissing Evans & Sutherland's petition for review on the basis that section 59–1–601 did not apply retroactively. We uphold the dismissal, however, because section 59–1–601 is unconstitutional under article XIII, section 11 and article V, section 1. Evans & Sutherland's prior petition for review to this court is dismissed as moot, but we grant Evans & Sutherland thirty days from the issuance of this opinion to seek review of the Commission's January 27, 1995, order.

RUSSON, J., concurs in Chief Justice ZIMMERMAN's opinion.

HOWE, J., concurs in the result.

STEWART, Associate Chief Justice, concurring:

I concur in the majority opinion except for the unnecessary and doubtful ruling that "the 1993 and 1997 versions of section 59–1–601 are unconstitutional under article V, section 1 of the Utah Constitution." The majority states: "That provision bars the judicial branch from exercising any of the functions reserved to another branch of government. The power given the Commission, part of the executive branch, by article XIII, section 11 falls within that prohibition."

I do not believe it appropriate for this Court on this occasion to decide that the Tax Commission is part of the executive branch; indeed, I think the conclusion more likely incorrect.

DURHAM, J., concurs in Associate Chief Justice STEWART's concurring opinion.