1999 UT 11

**John B. PRINCE, Petitioner,**

v.

**COLLECTION DIVISION OF the STATE TAX COMMISSION, State of Utah, Respondent.**

No. 970535.

Supreme Court of Utah.

Feb. 2, 1999.

Daniel W. Jackson, Salt Lake City, for petitioner.

Jan Graham, Att'y Gen., Gale K. Francis, Asst. Att'y Gen., Salt Lake City, for respondent.

ZIMMERMAN, Justice:

¶ 1 John B. Prince seeks a writ of review of a Utah State Tax Commission ("Tax Commission") decision granting the Collection Division's petition for reconsideration of the Tax Commission's final decision to dismiss Prince from an assessment action. The Collection Division made a personal penalty assessment against Prince for the nonpayment of $33,070.55 in taxes incurred in connection with a business violation. Prince filed a petition for redetermination before the whole Tax Commission and was dismissed from the action based on a majority of the Commission holding that the Collection Division's actions did not constitute an assessment against Prince. Commissioner Oveson dissented. The Collection Division then moved for reconsideration. After the statutory "deemed denied" period lapsed, the Tax Commission granted the motion for reconsideration, indicating an intent to hold further proceedings.

¶ 2 Prince seeks review from the grant of the motion for reconsideration. He asserts that the Tax Commission lacked jurisdiction to grant the motion. He also makes several arguments as to why he is not liable for the personal penalty assessment. The Collection Division contends that we should not reach the merits of the penalty assessment. It asserts that the Tax Commission did have jurisdiction to grant the motion for reconsideration and, therefore, this court lacks jurisdiction to hear this case because the Tax Commission has not finished it, i.e., there was no "final agency action" within the meaning of either section 63–46b–16(1) or section 78–2–2(3)(e) of the Code.[1] We agree with the Collection Division and remand the matter to the Tax Commission for further proceedings.

¶ 3 On the question of whether the Tax Commission had jurisdiction to grant the

---

1. Section 63–46b–16(1) states:

    (1) As provided by statute, the Supreme Court or the Court of Appeals has jurisdiction to review all final agency action resulting from formal adjudicative proceedings.

motion for reconsideration, Prince states that under section 63–46b–13(3)(b) of the Code, the Tax Commission is deemed to have denied a motion that is not ruled upon within 20 days of its submission. Here, the Tax Commission did not act for months after the motion was made. Therefore, Prince argues, the ruling dismissing him from the proceeding was final, and the Tax Commission was without jurisdiction to grant another motion. We disagree. This court has held that the Tax Commission may choose to act on a motion for reconsideration after the 20–day presumptive denial period set out in section 63–46b–13(3)(b) of the Code. *See Evans & Sutherland Computer Corp. v. State Tax Comm'n,* 953 P.2d 435, 439 (Utah 1997); *Harper Investments, Inc. v. Auditing Div., State Tax Comm'n,* 868 P.2d 813, 816 (Utah 1994); *see also 49th Street Galleria v. Tax Comm'n, Auditing Div.,* 860 P.2d 996, 999 (Utah Ct.App.1993). That is what occurred here. Therefore, the Tax Commission had jurisdiction to grant the motion for reconsideration.

¶ 4  Moving to the question of whether there is a "final agency action" from which Prince can seek review, the issue is essentially determined by our ruling that the motion for redetermination was properly granted. In its order on the motion, the Tax Commission stated that "[f]urther hearing on the matter will be held on a date and time to be set by the Commission." Because the Tax Commission plans to further consider the action on the merits, there was no final agency action in the matter of Prince's assessment; where there is no final agency action, this court lacks jurisdiction. *See* Utah Code Ann. §§ 63–46b–16(1) & 78–2–2(3)(e).

¶ 5  We dismiss the appeal for lack of jurisdiction.

Utah Code Ann. § 63–46b–16(1) (1997).

Section 78–2–2(3)(e) states:

(3) The Supreme Court has appellate jurisdiction, including jurisdiction of interlocutory appeals, over:

¶ 6  Associate Chief Justice DURHAM and Justice STEWART concur in Justice ZIMMERMAN's opinion.

HOWE, Chief Justice, dissenting:

¶ 7  I dissent. In accordance with my dissenting opinion in *Harper Investments, Inc. v. Auditing Division, State Tax Commission,* 868 P.2d 813 (Utah 1994), I would hold that the Tax Commission lost jurisdiction when it did not act on the motion for reconsideration within twenty days, and the motion was therefore "considered to be denied" as mandated by Utah Code Ann. § 63–46b–13(3)(b). In that dissenting opinion, I noted that if the statute does not mean what it clearly states, there is no time limit on when the Commission can grant a motion for reconsideration. Here, it was four months after the motion for reconsideration was considered to be denied that the Commission acted and breathed new life into the action, resurrecting it for further proceedings. The evil of this practice is apparent. The taxpayer who has prevailed in the Tax Commission and has gone about his life and business with that in mind could suddenly find himself back before the Commission four months later to again litigate his tax liability. A taxpayer is entitled to final agency action at some definite point and should not be forced to live in the shadow of the Commission's authority to snatch back a favorable ruling at any time and force him to re-employ his attorney and relitigate the controversy. The legislature has wisely provided for that definite point by requiring the agency to act within twenty days or the motion for reconsideration is considered to be denied—meaning that it is effectively denied. The legislature was obviously trying to expedite the finalization of agency actions.

¶ 8  Justice RUSSON concurs in Chief Justice HOWE's dissenting opinion.

(e) final orders and decrees in formal adjudicative proceedings. . . .
Utah Code Ann. § 78–2–2(3)(e) (1996).