2003 UT App 49

**Lori McCOY and Labor Commission, Respondents,**

v.

**UTAH DISASTER KLEENUP and Workers Compensation Fund, Petitioners.**

No. 20020234–CA.

Court of Appeals of Utah.

Feb. 21, 2003.

---

Eugene C. Miller Jr., Workers Compensation Fund of Utah, Salt Lake City, for Petitioners.

Alan Hennebold, Labor Commssion, Gary E. Atkin, and Marsha Atkin, Atkin & Associates, Salt Lake City, for Respondents.

Before Judges BILLINGS, ORME, and THORNE.

## OPINION

BILLINGS, Associate Presiding Judge.

¶1 Utah Disaster Kleenup and the Workers' Compensation Fund of Utah (collectively Kleenup) petition this court for review of Labor Commission (the Commission) orders affirming an award of temporary total and partial disability compensation to Lori McCoy. We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

¶2 McCoy filed an application for hearing and claim for compensation with the Commission on June 14, 2000. In the application, McCoy sought, inter alia, temporary total disability compensation beginning March 3, 1997, the date upon which McCoy terminated her employment with Kleenup.

¶3 In September 2000, an independent medical examination was conducted. The examiner opined that McCoy had suffered a cervical spine injury as a result of a 1997 work-related accident. He further opined that McCoy "ha[d] not reached maximal medical improvement in relation to this claim as the diagnostic workup [was] incomplete."

¶4 Thereafter, a hearing was held on McCoy's request for compensation. At the hearing, Kleenup maintained that under the Workers Compensation Act,[1] McCoy was not entitled to temporary disability compensation from the date she terminated her employment with Kleenup to the date when Kleenup received the examiner's report and began

---

1. *See* Utah Code Ann. §§ 35–1–1 to –109 (1994).

paying compensation.[2] Citing to section 35–1–65 (1994) of the Worker's Compensation Act, Kleenup argued that because McCoy did not have a light duty release when she terminated her employment, Kleenup had no duty to offer McCoy light duty work, and consequently no duty to pay her temporary disability.

¶ 5 Following the hearing, the administrative law judge (ALJ) awarded McCoy temporary total and partial disability from the date she terminated her employment with Kleenup. The ALJ concluded that because McCoy was totally disabled and not medically stable when she terminated her employment with Kleenup, Kleenup was obligated to pay McCoy compensation from that date. Kleenup petitioned the Commission for review of the ALJ's award.

¶ 6 In an order dated January 31, 2002, the Commission affirmed the ALJ's award of temporary total and partial disability compensation, adopting and supplementing the ALJ's factual findings. The Commission ruled that because McCoy was unable to perform her regular duties on the date she terminated her employment with Kleenup, she was totally disabled from that date.

¶ 7 On February 20, 2002, Kleenup filed a motion for reconsideration, arguing the Commission's January 31, 2002 order was contrary to its findings and to the law. On February 25, 2002, pursuant to Utah Code Ann. § 63–46b–1(9) (1997) (allowing the Commission to extend reconsideration period for good cause), the Commission ordered a time extension for ruling on Kleenup's motion for reconsideration. In the order, the Commission extended the time for ruling until March 11, 2002, to allow "the other parties . . . to respond to Kleenup's request for reconsideration" and "to allow [the Commission] sufficient time to consider the request." The Commission also indicated that a final decision would issue in the matter "no[ ] later than March 31, 2002."

¶ 8 On March 27, 2002, Kleenup filed a petition for review with this court. In the petition, Kleenup sought review of the Commission's January 31, 2002 order denying review. Kleenup also sought review of the Commission's order denying Kleenup's request for reconsideration, which was "considered issued" on March 12, 2002, under Utah Code Ann. §§ 63–46b–13,–14, and –16 (1997 & Supp.2002). On March 28, 2002, the Commission issued an order denying Kleenup's request for reconsideration. In the order, the Commission provided notice that "[a]ny party may appeal this Order to the Utah Court of Appeals by filing a Petition for Review with that Court within 30 days of the date of this Order."

## ISSUE AND STANDARD OF REVIEW

■ ¶ 9 McCoy argues that we lack jurisdiction to consider Kleenup's petition for review because the petition was filed prematurely. This issue presents a question of law that we review "under a correctness standard." *Bourgeous v. Department of Commerce,* 1999 UT App 146, ¶ 5, 981 P.2d 414.

## ANALYSIS

■ ¶ 10 McCoy maintains Kleenup's petition for review was filed prematurely with this court before a final agency action issued. Therefore, McCoy argues this court lacks jurisdiction and must dismiss the petition. *See Maverik Country Stores, Inc. v. Industrial Comm'n of Utah,* 860 P.2d 944, 951 n. 11 (Utah Ct.App.1993) (stating this court would dismiss an appeal "from a non-final order over which we ha[d] no jurisdiction").[3]

¶ 11 This court "has appellate jurisdiction . . . over . . . *final* orders and decrees resulting from formal adjudicative proceedings of state agencies." Utah Code Ann. § 78–2a–3(2)(a) (2002) (emphasis added); *see also Id.* § 63–46b–16(1) (1997) ("As provided by statute, . . . the Court of Appeals has jurisdiction

---

**2.** The propriety of the compensation paid by Kleenup following receipt of the examiner's report is not at issue on appeal.

**3.** Rule 4(c) of the Utah Rules of Appellate Procedure provides that "a notice of appeal filed after the announcement of a decision, judgment, or

order but before the entry of the judgment or order of the trial court shall be treated as filed after such entry," is not applicable here. *See* Utah R.App. P. 18 (stating rules 3 through 8 are not applicable in agency context).

to review all *final agency action* resulting from formal adjudicative proceedings." (Emphasis added.)).

¶ 12 Our review is further governed by the Utah Administrative Procedures Act (UAPA). *See* Utah Code Ann. §§ 63–46b–0.5 to –23 (1997 & Supp.2002). UAPA provides that a party "shall file a petition for judicial review of *final agency action* within 30 days after the date that the order constituting the final agency action is issued *or* is considered to have been issued under Subsection 63–46b–13(3)(b)." *Id.* § 63–46b–14(3)(a) (emphasis added). Subsection 63–46b–13(3) provides: "The agency head, or a person designated for that purpose, shall issue a written order granting ... or denying the request." *Id.* § 63–46b–13(3)(a). "If the agency head or the person designated for that purpose does not issue an order within 20 days after the filing of the request, the request for reconsideration shall be considered to be denied." *Id.* § 63–46b–13(3)(b).

¶ 13 Kleenup argues that its March 27, 2002 petition was timely because it was filed within thirty days after the "considered denied" date of March 12, 2002, which was twenty days after McCoy's motion for reconsideration. *See id.* §§ 63–46b–13–13(3)(b), –14(3)(a). McCoy maintains that the "considered denied" date was March 31, 2002 because the Commission had the power to change the "considered denied" time period under Utah Code Ann. § 63–46b–1(9),[4] and did so in its February 25, 2002 order. Accordingly, McCoy argues Kleenup's petition was premature because: (a) it was filed the day before the Commission's March 28, 2002 final order denying Kleenup's motion for reconsideration; and (b) it was filed before the "considered denied" date of March 31, 2002, under Utah Code Ann. §§ 63–46b–13(3)(b) and –14(3)(a).

¶ 14 The Utah Supreme Court has held that an agency has jurisdiction "to act on a motion for reconsideration after the 20–day presumptive denial period in section 63–46b–13(3)(b)" has passed. *Prince v. Collec-*

*tion Div. of the State Tax Comm'n*, 1999 UT 11, ¶¶ 3–5, 974 P.2d 284 (dismissing petition for review of grant of reconsideration request because there was no final agency action, although tax commission granted motion months after request was filed and after 20–day "presumptive period" had passed); *see also Evans & Sutherland Computer Corp. v. State Tax Comm'n*, 953 P.2d 435, 439 (Utah 1997) (concluding tax commission had "continuing jurisdiction to enter an order on a request for reconsideration even after the request ha[d] been deemed denied under section 63–46b–13(3)(b)").

¶ 15 The Utah Supreme Court has also held that an agency may extend the time for responding to and considering a reconsideration request. *See Evans & Sutherland*, 953 P.2d at 439.

¶ 16 In several cases, Utah appellate courts have held that a petition for appellate review is timely if filed within thirty days of a "final" agency order denying a request for reconsideration that issued more than thirty days after the "considered denied" date. *See, e.g., Harper Inv., Inc. v. Auditing Div., State Tax Comm'n*, 868 P.2d 813, 816 (Utah 1994) ("[B]ecause the Commission chose to consider the petition for reconsideration and to act on it by issuing an order, the period for seeking review did not begin to run until the date of that final opinion. As a result, once the order was issued, the [petitioner] had an additional thirty days to file."); *49th St. Galleria v. State Tax Comm'n*, 860 P.2d 996, 999 (Utah Ct.App.1993) (concluding tax commission could not claim petition for review within thirty days of "final" order issued well beyond twenty day deemed denied period was untimely "[d]espite its own delay in disposing of the reconsideration request").

¶ 17 The Utah Supreme Court has also stated "that if an agency chooses to issue an order denying a petition for reconsideration after the twenty-day presumptive denial period, the actual date of issuance

---

4. Utah Code Ann. § 63–46b–1(9) (1997 & Supp. 2002) provides that "[n]othing in this chapter may be interpreted to restrict a presiding officer, for good cause shown, from lengthening or shor- tening any time period prescribed in this chapter, except those time periods established for judicial review."

would mark the beginning of the thirty-day time period." *Harper*, 868 P.2d at 816.

¶ 18 Recently, the Utah Supreme Court approached a scenario somewhat similar to ours. In *Evans & Sutherland*, the central issue facing the court was whether retroactive application of a statute permitting review in the district courts deprived the respondent of a final agency order. *See* 953 P.2d at 438–39. In that case, the petitioner filed a request for reconsideration with the agency and then filed a "protective petition for review" with the supreme court within thirty days of the considered denied date. *Id.* at 436–37. The agency "sought to extend indefinitely its period of time for considering and acting on [a request for consideration] to give the parties time to brief the issues raised ... and to give the [agency] sufficient time to consider the request." *Id.* The agency issued the order partially granting the request almost a year after the considered denied date. *See id.* at 437 n. 7. Thereafter, the petitioner filed a petition for review in the district court under a statute enacted in the interim, which allowed district court review of final agency actions. *See id.* at 437. The supreme court, apparently for a second time, stayed the protective petition for review filed with the supreme court to allow the district court to proceed with issues presented on appeal. *See id.* at 437 n. 4. In concluding the respondent had not been denied a final order, the court noted that the agency had "continuing jurisdiction to enter an order on [the] request for reconsideration even after the request ha[d] been deemed denied under section 63–46b–13(3)(b)." *Id.* at 439. Therefore, the court concluded that the "order denying [the petitioner's] request for reconsideration after the 'considered denied' period ... had expired" was the "final decision," and the petitioner "properly sought review of that final decision." *Id.* However, the court also noted:

> [T]he legislature has created significant problems by permitting the Commission to enter an order on a request for reconsideration even after the request has been deemed denied pursuant to section 63–46b–13(3)(b) and the agency action is appealable under section 63–46b–14. As Justice Howe noted in his dissent in *Harper*

*Investments*, where a "party has requested reconsideration by the administrative agency but no action has been taken on the request by the end of twenty days, an appeal must then be filed." If an appeal is not filed, a party is exposed to the risk that the agency will never act on the request and the time for filing an appeal will expire. 868 P.2d at 817 (Howe, J., dissenting). As Justice Howe further observed, however, "If ... the agency later ... acts on the request and denies it, the appeal which has been taken turns out to be premature and must be dismissed. The party must then file a second appeal, supposedly pay another filing fee, and continue pursuit of the appeal." *Id.* (Howe, J., dissenting).

*Evans & Sutherland*, 953 P.2d at 439 n. 8.

¶ 19 We agree with Justice Howe that this statutory scheme is unfortunate. Under the statutory provisions as interpreted by Utah's appellate courts, Kleenup's petition for review was premature because it was filed before the Commission's final agency action denying Kleenup's motion for reconsideration.

¶ 20 The Commission entered an order on February 25, 2002, informing the parties that it was extending the time for considering the request for reconsideration. The subsequent final order of March 28, 2002, wherein the Commission denied Kleenup's request for reconsideration, included a notice that the parties had thirty days from the date of that final order to petition this court for review. Kleenup did not file a petition for review within thirty days of that final order. Consequently, under *Harper* and *Evans & Sutherland*, we lack jurisdiction in this case. Therefore, we dismiss Kleenup's petition for review.

¶ 21 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE JR., JJ.