**DOUBLETREE, INC., and Underwriters Adjusting Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, and Billie J. Glass, Respondents.**

**BEST PRODUCTS and The Hartford, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, and Randall Graham, Respondents.**

**LAKEVIEW HOSPITAL and Continental Insurance, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, and Rexene Winegar, Respondents.**

Nos. 890534–CA, 890536–CA, 890535–CA.

Court of Appeals of Utah.

Aug. 31, 1990.

---

Henry K. Chai, II (argued), Snow, Christensen & Martineau, Salt Lake City, for petitioners.

Donald L. George (argued), Indus. Com'n of Utah, Salt Lake City, respondent.

Billie J. Glass, West Valley City, pro se.

Virginius Dabney, Salt Lake City, for respondent Rexene Winegar.

Phillip B. Shell, Salt Lake City, for respondent Randall Graham.

Before BENCH, DAVIDSON and ORME, JJ.

## MEMORANDUM DECISION

ORME, Judge:

In each of these cases, the Industrial Commission dismissed employee worker compensation claims, without prejudice, for failure of the claimant to respond to directives of the Commission. Billie Glass failed to advise the Commission of her cur-rent address and telephone number. Randall Graham failed to provide medical releases to the Commission. Rexene Winegar failed to file certain medical evidence requested by the Commission.

The employer in each case seeks our review of the orders of dismissal and advances a single argument, namely that the Commission lacks the power to enter orders of dismissal without prejudice. The employers, concerned that they have already been put to the expense and trouble of investigating the claims and that they will be put to administrative inconvenience if the claims remain in limbo, request that we remand the cases to the Commission with instructions that the claims be dismissed with prejudice and thereby be put forever to rest.

In support of their argument, the employers rely solely upon the text of a single provision in the Utah Administrative Procedures Act. We have been cited to no other authority. The employers' position is that a plain reading of the statute compels the conclusion they reach because the statute simply does not authorize dismissal without prejudice.

Utah Code Ann. § 63–46b–3(3)(d) (1989) lists three actions, one of which an agency "shall" take, when agency action is sought:

> The presiding officer shall promptly review a request for agency action and shall:
>
> (i) notify the requesting party in writing that the request is granted and that the adjudicative proceeding is completed;
>
> (ii) notify the requesting party in writing that the request is denied and, if the proceeding is a formal adjudicative proceeding, that the party may request a hearing before the agency to challenge the denial; or
>
> (iii) notify the requesting party that further proceedings are required to determine the agency's response to the request.

Totally aside from any notions of implied or inherent authority, which have not been argued to us, and assuming without decid-

ing that the Commission's dispositional prerogatives are exclusively those listed in this section, we believe that dismissals without prejudice are authorized under subsection (iii).

In dismissing without prejudice, the Commission, in effect, notified the claimants that "further proceedings are required," i.e., refiling of the claims and more diligent prosecution of them, before the agency's final response to the claims will be made. *See also Chavez v. Chenoweth*, 89 N.M. 423, 428, 553 P.2d 703, 708 (Ct.App.1976) (dismissal without prejudice "ordinarily imports further proceedings"). Any doubt on the question which may exist in the workers' compensation context should be resolved in favor of recognizing the Commission's authority to effect dismissals without prejudice where the basis for dismissal is a mere failure to prosecute. *See* Utah Code Ann. § 35–1–88 (1988). *See also Thomas A. Paulsen Co. v. Industrial Comm'n*, 770 P.2d 125, 130 (Utah 1989) ("workers' compensation proceedings are not to be burdened with technicalities but are to be conducted so as to protect the substantial rights of the parties within the spirit of workers' compensation statutes").

Moreover, it appears that dismissal without prejudice is not unheard of in workers' compensation procedure. *See, e.g., Salazar v. Yellow Freight Systems, Inc.*, 109 N.M. 443, 445, 786 P.2d 57, 59 (Ct.App. 1990).

Finally, the result we reach is consistent with judicial views generally of the inappropriateness of dismissal, unless it is without prejudice, for the mere failure to adhere to procedural rules. *See, e.g., Bonneville Tower Condominium Management Committee v. Thompson Michie Assocs.*, 728 P.2d 1017, 1020 (Utah 1986) (per curiam) ("Not having considered the merits of plaintiff's claims there was no reason for the court to dismiss with prejudice and prevent future consideration of the claims should the defect be corrected.").

The Commission's orders are affirmed.

DAVIDSON, J., concurs.

BENCH, Judge (dissenting):

I dissent.

Agencies, as statutory creatures, have only those powers expressly granted by statute. *See Olympus Oil Inc. v. Harrison*, 778 P.2d 1008, 1010 (Utah Ct.App. 1989). In the instant case the Industrial Commission points to no statute granting it authority to dismiss a request for agency action without prejudice. The Utah Administrative Procedure Act (U.A.P.A.) provides the full extent of the Commission's power and the proper procedure when a requesting party fails to provide the information necessary for agency action.

Utah Code Ann. § 63–46b–3(3)(d)(iii) (1989), the portion of U.A.P.A. identified by the majority as the basis for the Commission's authority to dismiss, refers to "further proceedings." The majority's conclusion that this reference encompasses a dismissal without prejudice ignores the rest of section 63–46b–3(3) which indicates the types of "further proceedings" intended. In particular, section 63–46b–3(3)(e)(iii) provides:

(iii) The notice required by Subsection (3)(d)(iii) shall:

. . . .

(C) designate whether the proceeding is one of a category to be conducted informally ... or formally ...;

(D) in the case of a formal adjudicative proceeding, ... state that a written response must be filed within thirty days ...;

(E) if the adjudicative proceeding is to be formal, or if a hearing is to be held in an informal adjudicative proceeding, state the time and place of any scheduled hearing, ... and that a party which fails to attend or participate in a scheduled and notice hearing may be held in default[.]

It is clear, by virtue of the notice required by subsection (3)(e)(iii) that the reference to further proceedings in subsection (3)(d)(iii) means additional proceedings pursuant to the current request for agency action. It does not mean some indefinite proceedings at some future indefinite date pursuant to a new request for agency ac-

tion following the dismissal of the current request without prejudice.

I am convinced that the Commission's practice of dismissing requests for agency action without prejudice is directly contrary to the procedure outlined above. In each case, the Commission should have requested further proceedings to collect the information desired, setting a specific hearing date if needed. If a party fails to attend or participate in the hearing by failing to provide the requested information, the party should be found in default and its request for agency action denied.

Inasmuch as there is no statutory grant of authority to the Commission to dismiss a request for agency action without prejudice, and inasmuch as the U.A.P.A. expressly provides the procedure to be followed in cases such as these, I dissent from the majority's conclusion that the Commission has any such authority under section 63–46b–3(3)(d)(iii).