**Jaime BACON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF UTAH; Intermountain Power Service Corporation; and Wausau Insurance Companies, Respondents.**

No. 920274–CA.

Court of Appeals of Utah.

April 26, 1993.

---

Linda Anderson and Sandra Dredge, Provo, for petitioner.

Michael E. Dyer and Michael A. Peterson, Salt Lake City, for respondents Intermountain Power Service Corp. and Wausau Ins. Companies.

Benjamin A. Sims, Salt Lake City, for respondent Industrial Com'n of Utah.

Before GARFF, GREENWOOD and ORME, JJ.

GARFF, Judge:

Jaime Bacon appeals the Industrial Commission's (Commission) dismissal with prejudice of her workers' compensation claim.

## FACTS

Bacon had been employed by Intermountain Power Service Corporation (Intermountain Power) for six years. Bacon applied for worker's compensation benefits, claiming that on January 17, 1991, she suffered a work-related injury. The application, signed by both Bacon and her attorney, was incomplete because paragraph two, which requires a description of the claimed industrial accident, was left blank.

On November 14, 1991, Intermountain Power moved for a more definite statement because the application was incomplete. On this same date, Intermountain Power also served interrogatories on Bacon's attorney. On November 22, 1991, the Administrative Law Judge (ALJ) mailed a letter to Bacon's attorney, with a copy to Bacon at her address, noting that "it will be necessary for you to provide a more definite statement regarding what happened on January 17, 1991. Please be advised that no hearing will be scheduled in this matter until our office receives this information."

Neither Bacon nor her attorney responded to the ALJ's letter nor to the interrogatories until March 23, 1992, when Bacon answered the interrogatories, notwithstanding the fact that the ALJ had dismissed the case.

Intermountain Power moved to dismiss the case with prejudice. On February 13, 1992, the ALJ granted the motion and dismissed, with prejudice, Bacon's claim on the basis that she failed to make a more definite statement concerning her claim as required by the previous November 22, 1991 letter.

On March 9, 1992, Bacon, via the attorney who represented her in the original proceeding, moved the Commission for review, seeking reversal of the dismissal. In the motion, Bacon's counsel claimed that "reviewing the details of the series of incidents leading up to applicant's injury caused applicant serious distress," including "stress attacks." The attorney stated that rather than require Bacon to discuss her condition, he attempted, unsuccessfully, to retrieve the same information from Intermountain Power's insurance carrier. The attorney requested the Commission to reconsider its decision, given that the respondents "have a full statement of the details of the incidents leading up to applicant's disability in their possession, and [Bacon's] response is included with this response to the motion." The attorney enclosed a letter Bacon wrote to him, in which she described having an anxiety attack after having reviewed the interrogatories.

On April 1, 1992, the Commission denied Bacon's motion for review, even though she had complied and answered the interrogatories on March 23, 1992. The Commission affirmed the ALJ's order dismissing the case with prejudice. Bacon petitions this court to review the Commission's affirmance of the dismissal.

## COMMISSION'S POWER TO DISMISS

This court earlier affirmed the general judicial view that an administrative dismissal "for the mere failure to adhere to procedural rules" is inappropriate "unless it is without prejudice." *Doubletree, Inc. v. Industrial Comm'n*, 797 P.2d 464, 465 (Utah App.1990).

Here, the Commission affirmed the ALJ's dismissal with prejudice, essentially on the basis of failure to prosecute, even though the ALJ had never afforded Bacon notice or a hearing. Indeed, the ALJ had stated in a letter to Bacon that no hearing would be held until the ALJ had received a more definite statement. Here, the ALJ abused his discretion in dismissing Bacon's claim without notice or a hearing after having implied that the sanction for failure to file the statement would be only indefinite postponement of her hearing. Thus, such a dismissal, where there is no administrative recourse, is error.[1]

---

1. Even if we were to assume, without deciding,

that the Commission has authority to dismiss

In light of this holding, we need not decide Bacon's other claims. We reverse and remand to the Commission for appropriate proceedings.

GREENWOOD and ORME, JJ., concur.

with prejudice for delay in proceeding with a claim, it nevertheless abused its discretion in so doing here because it did so without affording Bacon notice or a hearing.