1999 UT App 146

Keith W. BOURGEOUS, Plaintiff and Appellant,

v.

DEPARTMENT OF COMMERCE, DIVISION OF OCCUPATIONAL & PROFESSIONAL LICENSING, Defendant and Appellee.

No. 981518–CA.

Court of Appeals of Utah.

May 6, 1999.

Cass C. Butler, Callister Nebeker & Mc Cullough, Salt Lake City, for Appellant.

Jan Graham and Jeffrey C. Hunt, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges BENCH, JACKSON, and ORME.

## OPINION

BENCH, Judge:

¶ 1 Keith W. Bourgeous appeals from the district court's order dismissing his complaint for lack of jurisdiction based upon untimely filing. We reverse and remand.

## BACKGROUND

¶ 2 Bourgeous applied with the Division of Occupational and Professional Licensing (DOPL) of the Utah Department of Commerce (the Department) for a license as a professional engineer. By letter, DOPL denied Bourgeous's license application because he failed to document graduation from an accredited engineering program. Bourgeous challenged the denial by requesting agency

review under section 63–46b–12 of the Utah Code. *See* Utah Code Ann. § 63–46b–12 (1997). On October 24, 1997, the Department dismissed the request for agency review because Bourgeous failed to include a copy of the DOPL denial letter. Four days later, Bourgeous sent the Department a copy of the denial letter along with another copy of his Request for Agency Review. On November 4, 1997, the Department issued an order affirming the original license denial due to Bourgeous's failure to establish that he possessed the statutorily required education.

¶ 3 After receiving the Department's order, Bourgeous retained counsel to assist him. On November 21, 1997, through counsel, Bourgeous requested reconsideration of the November 4 order pursuant to section 63–46b–13 of the Utah Code. *See* Utah Code Ann. § 63–46b–13 (1997). The Department disposed of the reconsideration request in an order dated December 29, 1997 that included findings of fact and conclusions of law. This order also stated: "Judicial review of this Order may be obtained by filing a Petition for Review with the District Court within 30 days after the issuance of this Order on Review." Bourgeous then filed a complaint in district court on January 23, 1998, seeking judicial review as directed in the Department's December 29 order.

¶ 4 The Department moved to dismiss the complaint, asserting it was not filed within thirty days of the order constituting final agency action. After considering the briefs and holding a hearing on the motion, the district court ruled that, because reconsideration was not available to Bourgeous, the November 4 order constituted final agency action from which judicial review should have been taken within thirty days. The court concluded that it lacked jurisdiction to review the agency's action and dismissed the complaint as untimely.

## STANDARD OF REVIEW

■ ¶ 5 We review the district court's legal determination that it lacked jurisdiction for judicial review on grounds of untimeliness under a correctness standard, and thus accord it no deference. *See C.P. v. Utah Office of Crime Victims' Reparations*, 966 P.2d 1226, 1228 (Utah Ct.App.1998).

## ANALYSIS

■ ¶ 6 On appeal, both parties assert that the district court looked to the wrong order to determine the agency's final action. Bourgeous contends that the final agency action occurred when the agency ruled on his request for reconsideration on December 29, 1997. In its appellate brief, the Department argued the October 24 order dismissing the request for review "was the Department's final agency action from which Bourgeous could judicially challenge the merits of the license denial." During oral argument before this court, however, the Department conceded that its November 4 order was the first agency review ruling on the merits.

¶ 7 The Department's October 24 order dismissed Bourgeous's request for merely failing to include a copy of DOPL's denial letter. This order therefore dismissed the request for review "for the mere failure to adhere to procedural rules." *Doubletree, Inc. v. Industrial Comm'n*, 797 P.2d 464, 466 (Utah Ct.App.1990). This court has previously held that an agency has authority to enter an order of dismissal without prejudice, which serves to notify the requesting party that further proceedings are required to obtain final agency action. *See id.* Therefore, this dismissal simply notified Bourgeous that the Department required him to submit the DOPL denial letter prior to the agency's final action. Bourgeous promptly delivered a copy of the requested denial letter to the Department. After receiving the letter, the Department issued an Order on Review dated November 4, 1997, which the trial court properly determined was the final agency action on review. From this Order on Review, Bourgeous requested agency reconsideration.

¶ 8 The Department argues that Bourgeous had no right to agency reconsideration after receiving agency review. It asserts that the clear language of section 63–46b–13 of the Utah Administrative Procedures Act (UAPA) limits agency reconsideration to cases where agency review is unavailable.

Section 63–46b–13, titled "Agency review—Reconsideration," states:

> Within 20 days after the date that an order is issued for which review by the agency or by a superior agency under Section 63–46b–12 is unavailable, and if the order would otherwise constitute final agency action, any party may file a written request for reconsideration with the agency, stating the specific grounds upon which relief is requested.

Utah Code Ann. § 63–46b–13(1)(a) (1997).

¶ 9 Bourgeous asserts he is entitled to reconsideration under the statute because he completed agency review, and therefore additional agency review was "unavailable." He contends this interpretation is further clarified and supported by the statute's headings in which section 12, "Agency review—Procedure" precedes section 13 titled "Agency review—Reconsideration." Bourgeous argues that "[i]t makes no sense to reconsider 'Agency Review' if there is not first an 'Agency Review' to reconsider."

¶ 10 Prior Utah decisions hold that reconsideration is available to a party after agency review. *See Harper Invs., Inc. v. Auditing Div.*, 868 P.2d 813, 815 (Utah 1994) ("The Code allows a petitioner to seek reconsideration of an agency decision within twenty days or to seek immediate judicial review within thirty days of a final decision and forego any further agency action."); *Clark v. Hansen*, 631 P.2d 914, 915 (Utah 1981) ("[I]nherent in the power to make an administrative decision is the authority to reconsider a decision."); *Maverik Country Stores, Inc. v. Industrial Comm'n*, 860 P.2d 944, 951 (Utah Ct.App. 1993) (describing reconsideration as agency reassessing a claim it has previously examined).

¶ 11 On November 21, Bourgeous sought further agency action by requesting reconsideration. He filed this request within the twenty-day period permitted by statute. *See* Utah Code Ann. § 63–46b–13(1)(a). Had the Department failed to issue an order, Bourgeous's request for reconsideration would have been considered denied twenty days after he filed the request. *See* Utah Code Ann § 63–46b–13(3)(b) (1997); *see also 49th Street Galleria v. Tax Comm'n*, 860 P.2d 996, 998 (Utah Ct.App.1993) ("Pursuant to Utah Code Ann. § 63–46b–13(3)(b) (1989), a request for administrative reconsideration is 'deemed denied' if an order is not issued by the agency within twenty days after the filing of the request."). The Department, however, responded to the request with an "Order on Review" dated December 29, 1997. This order specifically disposed of the reconsideration request with detailed findings of fact, conclusions of law, and a notice of the right to appeal. The notice stated: "Judicial review of the Order may be obtained by filing a Petition for Review with the District Court within 30 days after the issuance of the Order on Review." It is from this final order that Bourgeous sought judicial review in district court.

¶ 12 Under UAPA, "[a] party shall file a petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action is issued or is considered to have been issued under Subsection 63–46b–13(3)(b)." Utah Code Ann. § 63–46b–14(3)(a) (1997). "The petition for judicial review of informal adjudicative proceedings shall be a complaint governed by the Utah Rules of Civil Procedure. . . ." *Id.* § 63–46b–15(2)(a) (1997). Bourgeous filed his complaint in district court on January 23, 1998, within thirty days of the Department's December 29 final order. We therefore hold that the district court erred in dismissing the complaint as untimely.

## CONCLUSION

¶ 13 We conclude that Bourgeous's requests for agency review and reconsideration were timely filed. Although the Department argued that reconsideration was not available to Bourgeous, it ruled upon his request for reconsideration and memorialized its decision in an order. This order was the Department's final action from which Bourgeous timely requested judicial review. Consequently, the district court erred in dismissing the complaint for lack of jurisdiction.

¶ 14 We reverse and remand to the district court to conduct de novo judicial review of the agency's actions.

¶ 15  WE CONCUR: NORMAN H. JACKSON, Judge, and GREGORY K. ORME, Judge.