2002 UT App 414

**Melinda GILLEY, Plaintiff and Appellant,**

v.

**G. Barton BLACKSTOCK; and Department of Public Safety, Office of Driver License Services, Defendants and Appellees.**

**No. 20010828–CA.**

Court of Appeals of Utah.

Dec. 12, 2002.

**306**

J. Franklin Allred, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Rebecca D. Waldron, Asst. Atty. Gen., Salt Lake City, for Appellees.

Before BILLINGS, Associate Presiding Judge, ORME and THORNE, Jr., JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

¶ 1 Melinda Gilley (Gilley) appeals the district court's dismissal of her appeal of the Driver License Division's (Division) order to revoke her license. We affirm.

## BACKGROUND

¶ 2 On February 1, 2001, Gilley was arrested for refusing to submit to a chemical test, pursuant to Utah Code Ann. § 41–6–44.10 (1998), after police suspected her of driving under the influence of alcohol. In an order dated February 25, 2001, the Division revoked Gilley's driver license for eighteen months. No statutory driver license revocation hearing was held prior to the revocation.

¶ 3 Gilley subsequently filed an appeal to the district court on May 21, 2001, requesting reinstatement of her driver license and claiming she never received proper notice of the revocation process. The Division then filed a motion to dismiss for lack of jurisdiction due to untimeliness of the complaint in violation of the Utah Administrative Procedures Act (UAPA), Utah Code Ann. § 63–

46b–14(3)(a) (1997). In response, Gilley argued because she never received initial notice of intent to revoke her license, as required by Utah Code Ann. § 41–6–44.10(2)(b), the Division lacked jurisdiction to proceed with revocation, and therefore UAPA time limits did not apply to her appeal to the district court.

¶ 4 At a hearing on the Division's motion, the Division for purposes of the hearing stipulated Gilley never received the initial notice of intent to revoke. Nevertheless, the district court dismissed Gilley's appeal as untimely, and Gilley now appeals to this court.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Gilley asserts the district court erred in dismissing her appeal to the district court as untimely.[1] "We review the district court's legal determination that it lacked jurisdiction for judicial review on grounds of untimeliness under a correctness standard, and thus accord it no deference." *Bourgeous v. Department of Commerce*, 1999 UT App 146, ¶ 5, 981 P.2d 414 (citing *C.P. v. Utah Office of Crime Victims' Reparations*, 966 P.2d 1226, 1228 (Utah Ct.App.1998)).

## ANALYSIS

¶ 6 Relying on *Mabus v. Blackstock*, 1999 UT App 389, 994 P.2d 1272, Gilley argues notice of intent to revoke, required by Utah Code Ann. § 41–6–44.10, is essential to the Division's jurisdiction over revocation proceedings. Gilley asserts the UAPA's thirty-day time limit for appealing a final agency action to the district court does not apply to her claim that she never received notice of intent to revoke, essentially arguing the UAPA is inapplicable because the Division never obtained jurisdiction. The Division points to the UAPA, which provides, "[a] party shall file a[n appeal] for judicial review of final agency action within 30 days after the

---

1. Gilley also argues the district court's ruling violates the open courts and due process provisions of the Utah Constitution, and further argues the district court had jurisdiction to hear Gilley's appeal pursuant to its general jurisdiction over agency adjudicative proceedings. Because these issues were not raised in the district court and are now argued for the first time on appeal to this court, we do not address them.

*See Williams v. Jeffs*, 2002 UT App 232, ¶ 9 n. 3, 57 P.3d 232.

Furthermore, although the district court has general jurisdiction to review agency adjudicative proceedings, *see* Utah Code Ann. § 78–3–4(7) (1996), the district court must "comply with the requirements" of the UAPA, *id.*, which sets clear time limits for administrative appeals to the district courts.

date that the order constituting the final agency action is issued," Utah Code Ann. § 63–46b–14(3)(a), and asserts the district court correctly dismissed Gilley's appeal, which was filed almost three months after the revocation order's issue date.

¶ 7 Utah Code Ann. § 41–6–44.10(2)(b) requires a peace officer, after warning a driver of the consequences of refusing a chemical test and continued refusal, to serve "immediate notice of the Driver License Division's intention to revoke the person's privilege or license to operate a motor vehicle." This notice must include "basic information regarding how to obtain a hearing before the Driver License Division." *Id.* § 41–6–44.10(2)(b)(iii).

¶ 8 In *Mabus*, this court concluded service of such notice and basic information on how to obtain a hearing "is the initiatory event under the ... statute." 1999 UT App 389 at ¶ 8, 994 P.2d 1272. We concluded the Division's failure to present evidence to the district court of notice of intent to revoke " 'render[ed] the administrative revocation of appellant's license and the derivative district court review void and the revocation a legal nullity.' " *Id.* at ¶ 11, 994 P.2d 1272 (citation omitted) (alteration in original). However, timeliness of the district court appeal was not at issue in *Mabus.*

¶ 9 The relevant statutes and *Mabus's* holding support the district court's conclusion that Gilley did not timely file her appeal. Section 41–6–44.10 provides, "[a]ny person whose license has been revoked by the Driver License Division under this section may seek judicial review," and "[j]udicial review of an informal adjudicative proceeding is a trial." Utah Code Ann. § 41–6–44.10(2)(j)(i)(ii). In reviewing agency adjudicative proceedings, the district court must comply with the requirements of Title 63, Chapter 46b of the UAPA. *See* Utah Code Ann. § 78–3–4(7) (1996). Under the UAPA, "[t]he district courts have jurisdiction to review by trial de novo all final agency actions resulting from

informal adjudicative proceedings." Utah Code Ann. § 63–46b–15(1)(a) (1997). The UAPA also requires the challenging party to file its appeal to the district court within thirty days of issuance of the final agency action. *Id.* § 63–46b–14(3)(a) (1997). Finally, at the trial de novo, the district court "shall determine all questions of fact *and law* and any constitutional issue presented in the pleadings." *Id.* § 63–46b–15(3)(a) (emphasis added).

¶ 10 Here, the Division revoked Gilley's driver license in an order dated February 25, 2001, yet Gilley filed her appeal to the district court on May 21, 2001, well beyond the UAPA's thirty-day deadline. After the final revocation order issued, Gilley could have timely appealed to the district court for review.[2] At the trial de novo, the Division would have had to produce " 'competent evidence that the revocation proceeding was initiated by' service of immediate notice and basic information." *Mabus*, 1999 UT App 389 at ¶ 9, 994 P.2d 1272 (citation omitted). Failure to provide proper notice would have made the Division's revocation of Gilley's license " 'invalid' " and a " 'legal nullity.' " *Id.* (citation omitted). However, because Gilley exceeded the UAPA's thirty day time limit, the district court correctly dismissed Gilley's appeal.

¶ 11 Our holding does not foreclose the pursuit of an extraordinary writ under Rule 65B of the Utah Rules of Civil Procedure. "Where no other plain, speedy and adequate remedy is available" and an "administrative agency ... has exceeded its jurisdiction," an aggrieved party may petition the district court for an extraordinary writ. Utah R. Civ. P. 65B (a), (d)(2). In *Mabus*, 1999 UT App 389 at ¶ 9, 994 P.2d 1272, this court left open the question of whether the immediate notice and basic information requirements of Utah Code Ann. § 41–6–44.10(2)(b) are "jurisdictional." Any "jurisdictional" challenge in district court beyond the UAPA's thirty-day time limit would have

2. In earlier proceedings and at oral argument, Gilley claimed she did not properly receive the revocation order. However, because she did not argue this issue in her brief, we decline to address this issue. *See, e.g., In re S.L.F. v. L.F.,* 2001 UT App 183, ¶ 16, 27 P.3d 583 (noting it is " 'well settled this court need not address issues that a party has not briefed' ") (citations omitted).

to be made as an extraordinary writ. Here, Gilley's district court challenge to the Division's jurisdiction and request for reinstatement of Gilley's driver licence was clearly brought in the form of an appeal. We have closely reviewed the record below and there is no indication that Gilley pursued an extraordinary writ under rule 65B.[3]

## CONCLUSION

¶ 12 Gilley's appeal to the district court requesting reinstatement of her driver licence exceeded the UAPA's thirty-day time limit. Therefore, we affirm the district court's dismissal of her appeal.

¶ 13 I CONCUR: WILLIAM A. THORNE Jr., Judge.

¶ 14 I CONCUR IN THE RESULT: GREGORY K. ORME, Judge.

---

3. For the first time on appeal, Gilley argues the district court should have exercised its power to issue extraordinary writs. Because Gilley failed to raise this issue below, we decline to address Gilley's argument. *See Jeffs*, 2002 UT App 232 at ¶ 9 n. 3, 57 P.3d 232.