2013 UT App 81

# THE UTAH COURT OF APPEALS

SHANE ASSMANN,

*Petitioner and Appellant,*

*v.*

STATE OF UTAH, DEPARTMENT OF PUBLIC SAFETY, DRIVER LICENSE
DIVISION, NANNETTE ROLFE,

*Respondents and Appellees.*

Per Curiam Decision
No. 20120270-CA
Filed April 4, 2013

Third District, Tooele Department
The Honorable Robert W. Adkins
No. 110300908

Linda M. Jones, Troy L. Booher, and Noella A. Sudbury,
Attorneys for Appellant
John E. Swallow and Nancy L. Kemp,
Attorneys for Appellee

Before JUDGES THORNE, ROTH, and CHRISTIANSEN.

PER CURIAM:

¶1     Shane Assmann appeals the district court's decision following a trial de novo affirming the administrative revocation of his driver license for a period of thirty-six months. We affirm.

¶2     "A person operating a motor vehicle in this state is considered to have given . . . consent to a chemical test of the person's breath, blood, urine or oral fluids . . . ." Utah Code Ann. § 41-6a-520(1)(a) (LexisNexis 2010). The peace officer requesting a test

> shall warn a person that refusal to submit to the test or tests may result in revocation of the person's license to operate a motor vehicle . . . if the person: (i) has been placed under arrest; (ii) has then been requested . . . to submit to any one or more . . . chemical tests . . . ; and (iii) refuses to submit to any chemical test requested.

*Id*. § 41-6a-520(2)(a). If, after receiving the warning, "the person does not immediately request that the chemical test or tests offered by a peace officer be administered, a peace officer shall, on behalf of the Driver License Division . . . give notice of the . . . Division's intention to revoke the person's privilege or license to operate a motor vehicle." *Id*. § 41-6a-520(2)(b).

¶3    In this case, there were disputed factual issues concerning whether the trooper gave the admonitions required by statute and, if so, whether Assmann refused to consent to the requested chemical tests. "Our review of a trial de novo on a driver license suspension is 'deferential to the trial court's review of the evidence unless the trial court has misapplied principles of law or its findings are clearly against the weight of the evidence.'" *Decker v. Rolfe*, 2008 UT App 70, ¶ 9, 180 P.3d 778 (quoting *Lopez v. Schwendiman*, 720 P.2d 778, 780 (Utah 1986)). A "determination that plaintiff's failure to respond to the officer or to take the test amounts to a refusal is a factual finding which we will not disturb when supported by substantial evidence." *Lee v. Schwendiman*, 722 P.2d 766, 767 (Utah 1986) (per curiam).

¶4    Assmann first claims that the district court plainly erred by failing to require the Driver License Division to produce a copy of the warrant obtained to test his blood. Assmann did not raise his challenge under rule 1002 of the Utah Rules of Evidence (the best evidence rule) in the administrative proceedings or the trial de novo. On appeal, Assmann argues that the Division "heavily relied on the warrant in its case in chief" to prove Assmann refused to submit to a chemical test. This mischaracterizes the Division's

evidence presented in the trial de novo. The Division presented testimony from the trooper that he read the admonitions verbatim from his computer and recorded Assmann's negative responses on a DUI Report Form that was admitted as evidence. The fact that a warrant for a blood test was later obtained was not relied upon by the Division to prove the failure to consent, and the Division objected to questions regarding the subsequently obtained warrant as irrelevant to the issue of lack of consent. Assmann argues that production of the warrant and warrant application "may have shown that [the trooper] obtained a warrant in lieu of giving the refusal admonitions," essentially suggesting that the trooper's testimony that he read the admonitions and recorded the responses was not credible and should have been disregarded or discounted by the district court.

¶5     The Division argues that the content of the warrant was not relevant to the issue of refusal to consent to a chemical test. *See* Utah R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content . . . ."). The factual dispute concerned whether Assmann refused to submit to chemical testing after receiving the admonitions required by the implied consent statute. The Division asserts that "because [Assmann's] refusal is independent of the warrant, the best evidence rule does not obligate the Division to produce the warrant, obtained only after the refusal was complete, [in order] to prove the refusal," and also argues that although the trooper could testify that he later obtained a warrant for a blood test, "[e]ven had the trooper declined to pursue further testing, the result would be the same: revocation of petitioner's license." We agree. It was not necessary to prove the content of the warrant or warrant application in the license revocation proceeding because the warrant was not relevant to the issue of refusal to consent to a chemical test. The district court did not err by not sua sponte requiring production of the warrant or the application.

¶6     Assmann next claims that the evidence was insufficient to support the district court's findings that Assmann was given the

refusal admonitions or that he refused to submit to a chemical test. Assmann also necessarily challenges the district court's witness credibility determination. The trooper testified that Assmann refused to submit to a chemical test after receiving the required admonitions, while Assmann denied that he received any admonitions or refused a chemical test. Assmann argues that the district court relied solely upon the trooper's testimony that a warrant was obtained for a blood test after Assmann refused to take a chemical test, but this argument discounts the other evidence presented to the district court and fails to marshal evidence supporting the findings. Significantly, the district court's only reference to the warrant appears in its findings on credibility. There, the district court states, "If this Court would find [Assmann's] testimony credible, we would have the situation where the trooper did not request that [Assmann] submit to a chemical test, but instead got a warrant for [his] blood." The district court did not find this to be a credible possibility and otherwise found the trooper's testimony to be more credible. We defer to a trial court's determinations on credibility. *See Salt Lake City v. Hughes*, 2011 UT App 128, ¶ 5, 253 P.3d 1118 ("It is the province of the trier of fact to assess the credibility of witnesses, and we will not second-guess the trial court where there is a reasonable basis to support its findings.").

¶7     The trooper stopped the vehicle Assmann was driving for speeding. Upon contact, the trooper could smell a strong odor of an alcoholic beverage coming from Assmann's mouth. Assmann's speech was slurred and his eyes were bloodshot and glassy. The trooper had Assmann perform field sobriety tests and perform a preliminary breath test, which was positive for alcohol. Assmann was arrested for driving under the influence of alcohol and placed in the rear seat of the police vehicle. The district court found that the trooper asked Assmann to take an intoxilyzer test and read him the chemical test admonitions verbatim off of the DUI Report Form while they were in the police vehicle. The trooper testified that after reading the admonition, he asked Assmann for a response to the request to submit to a chemical test, and Assman responded,

"Nope." The district court found that the trooper then read the refusal admonition verbatim off of the DUI Report Form, which informed Assmann that if he refused the test, his driving privilege could be revoked for 18 months or until age 21 for a first refusal or for 36 months or until age 21 for a second or subsequent refusal. Assmann again responded, "No." The trooper then obtained a warrant for Assmann's blood, and his blood was drawn pursuant to the warrant. Based upon the evidence, the district court found that the trooper requested the chemical test, that he read the chemical test admonitions, including the refusal admonition, and that Assmann responded that he would not take the requested test. At the trial de novo, Assmann testified that the trooper gave none of the admonitions, placed him in a cell, and obtained a warrant for a blood test. However, he admitted that he had testified at the administrative hearing that he stopped listening to the trooper after being placed under arrest, and he repeated that testimony in the trial de novo. Accordingly, the district court concluded that Assmann refused the requested chemical test after the trooper read him the required admonitions.

¶8     The district court's findings were supported by substantial evidence. Furthermore, the district court did not misapply the law and its findings are not clearly against the weight of the evidence. Accordingly, we affirm the district court's decision upholding the revocation of Assmann's driver license.

———